666 So.2d 747 (1995)
Parco ROLAND a/k/a Antonio Parco Roland a/k/a Tony A. Roland a/k/a "Parco-Poco" a/k/a Antonio Roland
v.
STATE of Mississippi.
No. 94-KP-00139-SCT.
Supreme Court of Mississippi.
November 30, 1995.
*748 Parco Roland, Leakesville, pro se.
Michael C. Moore, Attorney General, DeWitt T. Allred, III, Sp Ass't Attorney General, Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and PITTMAN, JJ.
PITTMAN, Justice, for the Court:

STATEMENT OF THE CASE
On August 10, 1992, Parco Roland pled guilty to two counts of armed robbery and was sentenced to fifteen years on one count and thirty years on the other, the sentences to run consecutively.
On September 27, 1993, Roland filed a motion for post-conviction relief in the Circuit Court of Lauderdale County, alleging that his guilty plea was not knowingly, intelligently and voluntarily entered into, that he was coerced by his attorney into making the guilty plea and that he was provided ineffective assistance of counsel.
The petition for post-conviction relief was denied on January 21, 1994, and a notice of appeal was filed on February 3, 1994.
In the order denying the motion for post-conviction collateral relief, the circuit judge in a nine-page opinion set out Roland's factual and legal claims and then made detailed findings as to why these claims were without merit. The court based its decision on the contents of the court files on Roland, including the transcript of the plea hearing in this case.
The court found that Roland had admitted committing the two armed robberies and that he had not been misadvised that he could receive a life sentence without parole if convicted of the crimes. The court also noted that the State had agreed to drop other charges against him which would have made the possible sentences even stronger.
On appeal, Roland states his issues as follows:
I. Trial court committed enormous error in denying Petition for Post-Conviction Collateral Relief due to the fact that:
1. Roland's guilty plea was not made knowingly, voluntarily and intelligently.
2. Roland's attorney rendered ineffective assistance of counsel.

*749 II. The trial court erred in denying petitioner(s) Motion(s) for order compelling discovery.
III. The trial court erred in denying petitioner(s) Motion(s) for an evidentiary hearing.
In addition to the present appeal Roland also sought to appeal the lower court's denial of his motion to correct the transcript of the plea hearing. Roland argues that a portion of the guilty plea transcript was omitted. His contention is that lines 25 and 26 on page 13 should read, "My attorney told me in order for me to get a plea I would have to say that I did this." instead of "In order for me to get the plea out I would have to said that I did this."
Roland filed a complaint with the Mississippi Ethics Commission against the official court reporter, Cindy C. Gibson, contending that she did not completely transcribe the guilty plea hearing. The Commission on August 26, 1994, unanimously voted to dismiss the complaint.
Roland then filed a motion to correct transcript in the trial court. On April 10, 1995, Circuit Judge Larry Roberts denied the motion and held that the motion was without merit and frivolous.
On April 20, 1995, Roland filed a complaint with the Mississippi Commission on Judicial Performance against the judge. The Commission dismissed the complaint on May 16, 1995.
On June 2, 1995, Roland filed his Motion for Out of Time Appeal with this Court seeking to appeal from the order denying his motion to correct the transcript. This Court denied the motion.

DISCUSSION

Ineffective Assistance of Counsel
Roland argues that his guilty plea was not freely, voluntarily and intelligently entered because of ineffective assistance of counsel. He argues that the record (plea transcript) affirmatively reflects that he only pled guilty because of his attorney; that he was coerced by his attorney to enter a plea of guilty; that his attorney did not discuss fully potential strategies and tactical choices with Roland; that the attorney refused to conduct any meaningful factual or legal investigations or research on the case; that the attorney refused to assert Roland's defense; that the attorney did not advise petitioner of his rights and did not take all actions necessary to preserve them; and that the attorney did not confer with his client without delay and as often as necessary to elicit matters of defense.
As already stated, Roland argues that the plea transcript at page 13 lines 25 and 26 should have included "My attorney told me" before the "[i]n order for me to get the plea out I would have to say that I did this." The court reporter and the judge have not agreed with Roland and the transcript has not been changed. Without this change in the transcript Roland's argument that his attorney coerced him is not supported by the transcript as he claims. The transcript also does not support Roland's other arguments about his counsel's conduct.
Roland also argues that the State could not prove the armed robbery charges, although one of the persons he was accused of robbing was present at the plea hearing, and the statement of the witness regarding the other robbery clearly supported the State's case.
Roland contends that his attorney lead him to believe that he would get a life sentence. As set out in the court's opinion, this was correct advice and counsel was not deficient in this area. The court stated:
This Court takes judicial notice of the law that had the defendant been convicted by the jury of armed robbery with a deadly weapon and sentenced as an habitual offender under Section 99-19-81, the Court would have been required to sentence the defendant to the maximum term provided by law, i.e. life, without eligibility for parole or early release. The Court takes judicial notice also that on that date, August 10, 1992, there was pending against this defendant Cause No. 049-92, 528-91, and 459-91 all being indictments charging the offense of grand larceny as habitual offender. Therefore, on August 10, 1992, the defendant was facing a possibility if convicted on all indictments presently *750 pending against him to mandatory sentences of two life sentences, the possibility of the sentences running consecutively, and that all sentences would be without eligibility of parole or early release.
A claim of ineffective assistance of counsel is judged by the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two inquires under that standard are "(1) whether counsel's performance was deficient, and, if so, (2) whether the deficient performance was prejudicial to the defendant in the sense that our confidence in the correctness of the outcome is undermined." Neal v. State, 525 So.2d 1279, 1281 (Miss. 1987). This standard is also applicable to the entry of a guilty plea. Schmitt v. State, 560 So.2d 148, 154 (Miss. 1990).
In analyzing whether counsel was ineffective and whether there was any indication that the plea was not voluntary, the lower court went through the plea proceedings transcript pointing out where Roland had sworn under oath contrary to his assertions in his petition for post-conviction relief. The court stated:
All this leads the Court to the inescapable conclusion that the Petition for Post-Conviction Collateral Relief is patently and plainly without any merit and is frivolous. This Court is convinced beyond any reasonable doubt having presided over numerous cases involving this defendant including the lengthy guilty plea process on the date of his trial, that the defendant entered an absolutely free, voluntary and intelligent guilty plea in exchange for a plea bargain agreement of fifteen years to serve for armed robbery on count I and thirty years to serve for armed robbery on count II, same being consecutive sentences, but the sentences not being as an habitual offender. It is remarkable to this Court that the Petitioner would attempt to withdraw his guilty pleas and stand the possibility, if convicted by a jury, of receiving two consecutive life sentences as an habitual offender without eligibility of parole whatever. It is this Court's considered opinion that if the Petitioner were successful in having his sentences set aside that the District Attorney could pursue both armed robbery counts and all three grand larceny counts as habitual offenders and seek the maximum sentences without parole eligibility against the defendant.
In addition to his attorney's advice prior to the hearing, the court's questions to Roland at the hearing also indicate that the plea was voluntary. In Gardner v. State, 531 So.2d 805, 809-810 (Miss. 1988), this Court stated:
Here, as in Sanders [v. State, 440 So.2d 278 (Miss. 1983)], the thoroughness with which Gardner was interrogated by the lower court at the time his plea was tendered is the most significant evidence of all. For, without regard to the advice or instructions Gardner may have been given by his attorney, the lower court's questioning and explanations to Gardner of his rights and of the consequences of his plea were sufficient to render the plea voluntary. Sanders at 288.
"Solemn declarations in open court [by a defendant] carry a strong presumption of verity." Baker v. State, 358 So.2d 401, 403 (Miss. 1978) (quoting Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.[2d] 136 (1977).
The court also noted that Roland had prior experience in dealing with felony charges and was familiar with court proceedings. Roland was clearly not a novice in dealing with the court. The record supports the conclusion that Roland's plea was voluntarily and intelligently made and that his attorney did not provide ineffective assistance of counsel. There is no merit to Roland's claims on this issue.

Discovery
Miss. Code Ann. § 99-39-15(1) provides: "A party may invoke the processes of discovery available under the Mississippi Rules of Civil Procedure or elsewhere in the usages and principles of law if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."
On October 26, 1993, in the Order Directing State To Answer Petition For Post-Conviction Collateral Relief, the court ordered *751 that "the Petitioner and Respondent shall initiate and complete any discovery permitted by the Mississippi Rules of Civil Procedure within ninety days from this date." The court entered an Order Directing Court Reporter To Transcribe Guilty Plea on December 21, 1993.
Roland filed a Petition For Production Of Records. The court entered an Order Denying Motion For Production Of Records on March 24, 1993, finding that "[i]t is obvious from the motion that the defendant is attempting to obtain his court records to search for possible defects which may permit a collateral attack on his conviction" and "that the petition is without merit and frivolous." The court file contains several duplicate motions for production from Roland.
In the Order Denying Petition For Post Conviction Collateral Relief, Motion For Discovery, Requests For Written Interrogatories, Motion For Order Compelling Discovery, Motion For Order Compelling Answers To Interrogatories, And Motion For An Evidentiary Hearing, the court denied Roland's "numerous assorted discovery motions."
The case cited by Roland, Fleming v. State, 553 So.2d 505 (Miss. 1989), does not support his argument that he was entitled to discovery. This Court stated: "A prisoner who has filed a proper motion pursuant to this Act, and whose motion has withstood summary dismissal under § 99-39-11(2), may be entitled to trial transcripts or other relevant documents under the discovery provisions of § 99-39-15, upon good cause shown and in the discretion of the trial judge." Id. at 506. The present case did not withstand summary dismissal but Roland was still provided the guilty plea transcript and other relevant documents. He did not show good cause or that the additional information that he sought was relevant to the issues he raised in his petition. There is no indication that the trial judge abused his discretion in denying the motions. There is no merit to Roland's argument.

Evidentiary Hearing
Miss. Code Ann. § 99-39-19(1) provides: "If the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require."
In Wilson v. State, 577 So.2d 394 (Miss. 1991), cited by Roland, this Court reversed and remanded that case for an evidentiary hearing because there was only Wilson's Petition to Enter a Plea of Guilty in the record and no transcript of the plea proceeding. Id. at 397. In Roland's case the transcript was ordered by the judge and is included in the record. Roland's petition was dismissed summarily on the finding of the judge that it was without merit on its face. Myers v. State, 583 So.2d 174, 176 (Miss. 1991).
Under the holding in Alexander v. State, 605 So.2d 1170, 1172 (Miss. 1992), an evidentiary hearing is necessary if the plea hearing "does not reflect that [the petitioner] was advised concerning the rights of which he allegedly claims ignorance." The issues raised by Roland were covered by the guilty plea proceedings although Roland now disavows his answers to the court.
Roland has not shown that the court should have granted him an evidentiary hearing.
In addition to concluding that this case should be affirmed, we note as did the circuit judge that Roland's claims, particularly as they relate to the alleged error in the transcript, are "patently and plainly without any merit and ... frivolous." Roland has more than availed himself of the judicial system's time and energy in pursuing claims before the Mississippi Ethics Commission, the Commission of Judicial Performance, the lower court and this Court which were not supportable. We take this opportunity to caution Roland and other litigants that this Court will not hesitate to impose sanctions where the claim is clearly frivolous. "[A] pleading or motion is frivolous within the meaning of Rule 11 only when, objectively speaking, the pleader or movant has no hope of success." Tricon Metals & Services, Inc. v. Topp, 537 So.2d 1331 (Miss. 1989). Recently *752 in Ivy v. Merchant and Whaley, 666 So.2d 445 (Miss. 1995) this Court imposed fines on the petitioner and his writwriter for filing a frivolous appeal. In that case this Court held:
We cannot allow rampant, frivolous filings to clog up a judicial system replete with meritorious claims. If petitioners such as Ivy continue to abuse the privilege of filing in forma pauperis, then it is quite possible they may lose it altogether for certain filings per the Supreme Court's ruling in [In re] Sindram [498 U.S. 177, 180, 111 S.Ct. 596, 597-98, 112 L.Ed.2d 599 (1991)]. Although the trial court initially determines in forma pauperis status, the Court is in a unique position of deciding which inmate, if any, abuses in forma pauperis status. Thus, we will determine when such abuse is oppressive to the judiciary, and by order will apprise the trial court to restrict this privilege if necessary.
Although we do not impose sanctions in this case, we do issue a caution to Roland and others that in the future such sanctions will be imposed or that costs will be imposed at the time of filing.

CONCLUSION
Roland has not shown that the court was erroneous in deciding that his plea was voluntary and that his attorney provided effective assistance of counsel. There was no abuse of discretion in denying the discovery requests of Roland which were not relevant to the issues raised. The plea proceeding transcript supports the court's findings and there was no need for an evidentiary hearing. This case is affirmed.
LOWER COURTS DENIAL OF POST CONVICTION RELIEF AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.