BRIDGES, J.,
for the Court:
¶ 1. On May 8, 1997, a grand jury sitting in Tate County, Mississippi indicted Larry Alan Bailey on charges stemming from an arrest for sexual battery of a minor four days earlier. Count I alleged an attempted violation of Miss.Code Ann. § 97-3-65(1) (Rev.1994), the “statutory rape” law and Count II charged an actual violation of Miss.Code Ann. § 97 — 3—95(l)(c), the “sexual battery” statute. On June 23, 1997, Bailey entered a guilty plea on Count II while Count I was dismissed. The Honorable George B. Ready sentenced Bailey to serve a term of thirty years in the custody of the Mississippi Department of Corrections, with twenty-one years suspended. Unhappy with this outcome, Bailey fired his appointed counsel and hired another attorney. On April 16, 1998, Bailey filed a motion for post-conviction collateral relief asking that his conviction be set aside and his sentence vacated. One month later, the sentencing judge held an evidentiary hearing and issued a bench ruling denying the motion. Bailey thus perfected his appeal to this Court asserting the following as the sole error
I. WHETHER APPELLANT LARRY ALAN BAILEY WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL
Finding no error, we affirm.
FACTS
¶ 2. Bailey was arrested and charged with one count of attempted capital rape and one count of sexual battery of a twelve year-old girl. On the evening of the offense, Baily had been out drinking with his girlfriend. Late that night, she dropped him off at the victim’s house. As a favor, the child’s mother, a former co-worker of Bailey’s, allowed him to move in with her until he could find a permanent home of his own. At the sentencing hearing, Bailey testified that he walked into the room where the girl was watching television, laid back on the bed, and fell asleep. He woke up sometime later and inexplicably decided to assault her. Bailey admitted under oath to digitally penetrating the girl’s vagina. He further admitted to removing her clothes and touching her vagina with his penis. He denied actually penetrating her vagina with his penis, and no testimony was offered to the contrary.
¶ 3. The next day, the child reported the incident to a friend who encouraged her to tell her mother. Her mother, upon learning of the assault, contacted the Senatobia Police Department and had Bailey arrested. David L. Walker was appointed to represent Bailey in this matter at trial. Walker soon discovered that his client confessed the crime to the police after his arrest. On the advice of his attorney and based upon the evidence facing him, Bailey agreed to a plea bargain. Under the terms of the agreement, Bailey pled guilty to sexual battery and in exchange for that plea, the State agreed to dismiss the capital rape charge.
LEGAL ANALYSIS
I. WHETHER APPELLANT LARRY ALAN BAILEY WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL
¶ 4. At the outset, Bailey claims that his confession to the arresting officers was made involuntarily because he was not afforded his right to counsel. This claim is procedurally barred from consideration by this Court in that it is waived by his guilty plea. The Mississippi Supreme Court has recognized that all non-jurisdictional rights or defects which are incident to trial are waived by a valid guilty plea. Anderson v. State, 577 So.2d 390, 391 (Miss.1991). Our supreme court has generally included in this class those [rights] secured by the Fifth, Sixth, and Fourteenth Amendments to the Constitution.... Anderson, 577 So.2d at 391-92. Having cleared the first *783 hurdle, we proceed to Bailey’s main argument.
¶ 5. Bailey claims the assistance he received from his appointed legal counsel was ineffective. Specifically, Bailey alleges that his previous attorney misinformed him with regard to the prison sentence he would face if convicted. He alleges that his appointed attorney told him that if he were convicted of Count I in the indict-' ment, he would spend “the rest of his life” in the penitentiary, when the maximum prison sentence allowed was “only” ten years. Bailey’s mother testified that her son’s trial attorney told him that if convicted, he would be in prison “for a long time”. Clearly this argument is one of semantics. Bailey’s current attorney devotes a total of eight typed fines in his brief to this argument. The sentencing judge asked Bailey whether or not he understood that he could sentence Bailey to a maximum of thirty years in prison on Count II alone. Bailey responded that he understood and that his attorney had spoken with him about the possibility of being detained even longer since he was being sentenced as a sex offender. This, in effect, could amount to a life sentence and may be attributable to some of contradictory statements made by Bailey’s mother and new attorney.
¶ 6. Bailey also argues that he had a viable defense that he could have used at trial. He argues that the crime was committed in a semi-conscious state brought on by prior alcohol consumption. The sentencing judge asked Bailey if his lawyer had advised him of all possible defenses that he might have. Bailey responded affirmatively. Yet he now wants to assert that he could have used alcohol intoxication as a defense to this crime, in an effort to negate intent. This argument is synonymous to allowing the jury to consider the defendant’s intoxication as a defense to a specific intent crime. The Mississippi Supreme Court overruled this argument stating,
If a defendant, when sober, is capable of distinguishing between right and wrong, and the defendant voluntarily deprives himself of the ability to distinguish between right and wrong by reason of becoming intoxicated and commits an offense while in that condition, he is criminally responsible for such acts.
Greenlee v. State, 725 So.2d 816, 822-3 (Miss.1998)(citing McDaniel v. State, 356 So.2d 1151 (Miss.1978)).
¶ 7. Bailey’s claim of ineffective assistance of counsel is judged by the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The United States Supreme Court announced two separate prongs of analysis under that standard. They are (1) whether counsel’s performance was deficient, and if so, (2) whether the deficient performance was prejudicial to the defendant in the sense that our confidence in the correctness of the outcome is undermined. Washington v. State, 620 So.2d 966 (Miss.l993)(citing Strickland, 466 U.S. at 687, 104 S.Ct. 2052). This standard is also applicable to the entry of a guilty plea. Roland v. State, 666 So.2d 747, 750 (Miss.1995).
¶ 8. This is an exacting standard and therefore demands a showing that counsel’s errors were so serious as to deprive the defendant of a fair trial. Unless a defendant can offer evidence supporting both prongs of analysis, it cannot be said that the outcome resulted from a breakdown in the adversary process that renders the result unreliable. Stringer v. State, 454 So.2d 468, 477 (Miss.1984)(citing Strickland, 466 U.S. at 687, 104 S.Ct. 2052). The burden of proof in the Strickland test rests with the defendant who faces a rebuttable presumption that counsel’s performance falls within the broad spectrum of reasonable professional assistance. Walker v. State, 70S So.2d 266, 268 (Miss.1997). The Mississippi Supreme Court offered further guidance on this re-buttable presumption when it said:
*784 Judicial scrutiny of counsel’s performance must be highly deferential.... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action “might be considered sound trial strategy”. Stringer, [454 So.2d] at 477; Strickland, 466 U.S. at 689,104 S.Ct. at 2065. In short, defense counsel is presumed competent. Johnson v. State, 476 So.2d 1195, 1204 (Miss.1985);Washington v. State, 620 So.2d 966 (Miss.1993).
Foster v. State, 687 So.2d 1124, 1130 (Miss.1996).
¶ 9. We find nothing in the record to support Bailey’s allegations that his counsel at sentencing was deficient in his representation or that Bailey was prejudiced as a result. Bailey corresponded with his attorney several times, had the benefit of discovery his attorney requested and had the opportunity to look through what had been produced. Further, his attorney filed a motion for speedy trial, requested a plea offer, negotiated a plea agreement and represented Bailey at the hearing. Moreover, Bailey testified at the hearing that he was satisfied with the services of his attorney. “Solemn declarations in open court [by a defendant] carry a strong presumption of verity.” Roland, 666 So.2d at 750. Given the totality of the circumstances and the highly deferential standard of review cloaking claims of ineffective assistance of counsel, Bailey’s assignment of error is without merit. The first prong of the Strickland test was not met. If the post-conviction application fails on either prong of the Strickland analysis, the motion fails. Foster, 687 So.2d at 129-1130. The lower court is hereby affirmed.
¶10. THE JUDGMENT OF THE TATE COUNTY CIRCUIT COURT DENYING APPELLANT POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO TATE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.