772 So.2d 1101 (2000)
Eddie COLEMAN a/k/a "Big Money Green", Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00375-COA.
Court of Appeals of Mississippi.
December 12, 2000.
Eddie Coleman, Appellant, pro se.
Office of the Attorney General by John R. Henry Jr., Attorney for Appellee.
Before SOUTHWICK, P.J., IRVING, and MYERS, JJ.
IRVING, J., for the Court:
¶ 1. This appeal is from an order denying relief on Eddie "Big Money Green" Coleman's motion for post-conviction relief. Aggrieved by the denial of his motion, Coleman has appealed and contends 1) that his sentences should have been run concurrently, 2) that he was denied the effective assistance of counsel, 3) that he was not informed of the maximum and minimum sentences, 4) that the death was an accident; therefore, all charges should have been dismissed and 5) that reversal is warranted because of the effect of cumulative errors. Finding no reversible error, we affirm the denial of post-conviction relief.

FACTS
¶ 2. Coleman entered a guilty plea to manslaughter of his brother and was sentenced to serve a term of fifteen years consecutively to a ten year sentence for another crime for which probation had been revoked. A little more than a year later, Coleman filed a "Motion to Run Sentences Concurrent, [sic] or, In the Alternative, *1102 Motion For An Evidentiary Hearing on Voluntariness of Guilty Plea," alleging that his guilty plea had been coerced by his attorney and that his attorney had misinformed him of the law. The motion was denied without an evidentiary hearing. A year later, Coleman filed a "Motion to Amendment [sic]." The filing appeared to be an effort to amend his previously denied post-conviction relief motion. This motion was also denied.
¶ 3. Two years later, Coleman filed a document styled, "Brief in Support of Appeal to Lowndes County Circuit Court Columbus, Mississippi." This filing was apparently in response to an order by the Mississippi Supreme Court permitting Coleman to file an application for leave to proceed in the trial court. Coleman's motion was again denied without an evidentiary hearing. Coleman then filed his notice of appeal and requested leave to appeal. His request for leave to appeal was denied on the basis that the notice of appeal had not been filed in a timely fashion. However, on February 22, 2000, the circuit court granted an out-of-time appeal.

ANALYSIS OF ISSUES PRESENTED

1. Consecutive Sentences and Ineffective Assistance of Counsel
¶ 4. Coleman's claims of error regarding the issues of his consecutive sentences and assistance of counsel are intertwined and will be joined for purposes of this analysis. Coleman contends that the trial court committed reversible error in sentencing him to consecutive terms rather than having the sentences run concurrently. He also claims that his trial counsel advised him that he would receive concurrent sentences and that this alleged advice constituted ineffective assistance of counsel, in that, had he known that the sentences would run consecutively, he would have demanded a jury trial rather than enter a plea.
¶ 5. A careful review of the record reveals that there is no merit to Coleman's claims. Coleman asked the circuit court judge at the guilty plea hearing whether the sentences would run consecutively. The judge informed him that they would. Additionally, the record reveals that there is no merit to Coleman's claims of ineffective assistance of counsel inasmuch as the guilty plea hearing transcript provides evidence to the contrary.
¶ 6. Furthermore, Coleman was being sentenced for a crime he committed while on probation; thus, he was not eligible to be sentenced to concurrent terms. Mississippi Code Annotated § 99-19-21(2) (Rev. 2000) provides as follows:
(2) When a person is sentenced to imprisonment for a felony committed while the person was on parole, probation, earned-release supervision, post-release supervision or suspended sentence, the imprisonment shall commence at the termination of the imprisonment for the preceding conviction. The term of imprisonment for a felony committed during parole, probation, earned-release supervision, post-release supervision or suspended sentence shall not run concurrently with any preceding term of imprisonment. If the person is not imprisoned in a penitentiary for the preceding conviction, he shall be placed immediately in the custody of the Department of Corrections to serve the term of imprisonment for the felony committed while on parole, probation, earned-release supervision, post-release supervision or suspended sentence.
(emphasis added).
¶ 7. Coleman's claim of ineffective assistance of counsel is without merit under applicable case law. The only affidavits in the record that suggest that his counsel was deficient are those filed by Coleman. This is not enough to prove ineffective assistance. The Mississippi Supreme Court has held that, "where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit." *1103 Vielee v. State, 653 So.2d 920, 922 (Miss. 1995). Since Coleman offers only his affidavit, his claim of ineffective assistance must fail.

2. Failure to Advise of Minimum Sentence
¶ 8. This claim of error was not raised in the court below and is presented for the first time on appeal. Its consideration is, therefore, procedurally barred. Patterson v. State, 594 So.2d 606, 609 (Miss.1992); Connell v. State, 691 So.2d 1004, 1007 (Miss.1997). Procedural bar notwithstanding, Coleman makes no argument that he would not have entered a guilty plea had he been informed of the minimum sentence available for the crime charged, but simply states that no one, including the judge, informed him of the minimum term. The transcript of the plea hearing belies this assertion. Coleman informed the judge at the hearing that he had signed and caused to be entered a petition to enter a guilty plea and had gone over the petition with his attorney and helped his attorney complete it. Coleman's signed petition to enter guilty plea clearly states the minimum and maximum sentences available for the crime to which he pled. This assignment of error lacks merit.

3. Accidental Nature of the Homicide.
¶ 9. Coleman argues that since he explained to the judge that the shooting was an accident, the judge should have dismissed the case. When Coleman made this argument at the plea hearing, he was clearly advised of the fallacy in his reasoning. He chose to plead anyway. This assignment clearly lacks merit.

4. Cumulative Errors
¶ 10. Coleman alleges that the combination of all of the above errors constitutes reversible error. Having determined that there was no merit to any of the previous assignments of error, it goes without saying that this assignment lacks merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING APPELLANT'S MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, MYERS, PAYNE, and THOMAS, JJ., concur.