BRIDGES, J.,
for the Court:
¶ 1. This is an appeal from a denial of post-conviction relief in the Circuit Court of Yazoo County, Mississippi, the Honorable Jannie Lewis presiding. At his plea hearing, Peter Miller pled guilty to the crimes of kidnaping, simple assault on a law enforcement officer and possession of a firearm by a convicted felon. Miller now brings this appeal alleging that he did not knowingly, intelligently and voluntarily plead guilty and therefore should have his sentence reduced. In addition, Miller claims that his defense counsel was ineffective due to a conflict of interest. All of these claims were heard by Judge Lewis who denied Miller’s motion for post-conviction relief, finding that Miller had not proven his case. Judge Lewis also denied Miller’s request for an evidentiary hearing on the issue of ineffective counsel. Based on the denial of these motions, Miller appeals to this Court, and we affirm Judge Lewis’s decision.
FACTS
¶ 2. On November 29, 1999, Miller personally entered pleas of guilty to the charges of kidnaping, simple assault on a law enforcement officer and possession of a firearm by a convicted felon. These charges arose out of an incident wherein Miller allegedly struck his girlfriend at the time, Patricia Ann Carter, in the head and forced her into a van at gunpoint. Before Miller entered his plea of guilty, he was given a plea-qualification hearing by Judge Lewis, wherein she asked Miller if he was entering his plea of guilty knowingly, voluntarily and intelligently. By all accounts in the record, Miller entered his plea knowing of the waiver of his constitutional rights and knowing the maximum amount of time that he may have to serve if he were ho stand by his guilty plea. However, Miller’s first issue on appeal is that he *72 did not plead guilty knowingly, intelligently and voluntarily. In fact, Miller claims that he was suffering from a mental incapacity at the time of his plea and that he did not understand the consequences of his decision. Miller is requesting that this Court reduce his twelve year sentence for kidnaping to five years, to run concurrently with the five year and three year sentences for the remaining crimes for which he pled guilty in this case.
¶ 3. Secondly, Miller alleges that he had insufficient counsel at the time of his plea qualification hearing and, because of his counsel’s bad advice, he pled guilty, not knowing the repercussions of doing so. Also, Miller claims that his defense counsel was automatically insufficient from the start, as he asserts that there was a conflict of interest that should have prevented his counsel from representing him. Miller alleges that his defense counsel, Belinda Stevens, could not have represented him appropriately as she was the sibling of James G. Holmes, an assistant district attorney with the State. However, the State points out that James H. Powell, III, District Attorney, not James G. Holmes, was present to represent the State of Mississippi at Miller’s plea qualification hearing. Therefore, the State claims that Miller’s allegation of insufficient counsel due to conflict of interest is without merit because Miller could not have been prejudiced simply because his counsel was the sister of an attorney working in the district attorney’s office who was not even present at the time of Miller’s plea, nor was he involved in Miller’s case at all. Furthermore, Miller, at the plea qualification hearing, acknowledged before Judge Lewis that he was satisfied with the advice and counsel of his attorney.
¶ 4. Lastly, Miller argues that he was denied an evidentiary hearing on the matter of insufficient counsel. Judge Lewis found that Miller’s arguments did not pass muster and that, because his claim of inadequate counsel was clearly without merit, it should be dismissed without an eviden-tiary hearing.
LEGAL ANALYSIS
¶ 5. Miller submits to this Court that, despite the evidence in the record indicating that he fully understood the consequences of his guilty plea, he was actually uninformed and confused, suffering from mental instability when he made this plea and therefore, did not do so knowingly, voluntarily or intelligently. The U.S. Supreme Court case of Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), provides the standard for determining whether a guilty plea is knowingly, intelligently and voluntarily made by a defendant. Id. We must look to whether the defendant understood that his guilty plea constituted a waiver of certain constitutional rights. Id. at 243, 89 S.Ct. 1709. “First, is the privilege against compulsory self-incrimination.... Second, is the right to trial by jury. Third, is the right to confront one’s accusers.” Id. A presumption of a waiver of these rights by a defendant may not be had where the record is silent. Id. at 242, 89 S.Ct. 1709. The record must provide definite evidence of such a waiver and the admissibility of the waiver must be “based on a reliable determination on the voluntariness” of the waiver. Id.
¶ 6. In the instant case, the record transcript of Miller’s plea qualification hearing is quite telling. The trial judge informed Miller, upon his guilty plea for the instant crimes, that the plea could not be entered until it was determined that it was deliberately, understandably and freely made. The trial judge then asked Miller a series of questions regarding Miller’s understanding of his guilty plea:
*73 [By the court] Mr. Miller, I’ve been handed a Petition to Enter a Guilty Plea. Have you gone over this petition with your attorney? &
[By Miller] Yes. <J
Did you understand this petition as you read it and as your attorney explained it to you? O’
Yes. t>
Were the answers you provided in this petition true and correct? «O
Yes.
Did you sign this petition? cO
Yes. í>
Mr. Miller, before I get into the guilt or innocence of this charge against you, it is my duty to advise you of certain constitutional rights that you give up by entering this guilty plea. The court wants you to understand that you have a right to a public trial by jury. In that trial, you have a right to cross-examine all witnesses that will be called to testify against you. You have a right to subpoena witnesses to testify in your own behalf. You have a right to testify or not testify as you so desire.... By entering this guilty plea, you give up all those constitutional rights. Do you understand that? <©
Yes. <j
Knowing that, do you still wish to enter this plea? <3*
Yes.
Has anyone forced you, coerced you, or intimidated you in any way to get you to enter these pleas? ¿O
No. <1
Has anyone promised you anything in the way of a lighter sentence or any hopes or rewards to get you to enter this plea? <3*
A. No.
Q. Are you presently undergoing any mental examinations or treatment?
A. No.
¶ 7. The court went on to point out to Miller the State’s position on each of the charges against him, including the maximum sentences that he could receive. Miller responded that he agreed with the State’s account of what happened on each of the charges against him, that he knowingly entered a plea of guilty and waived his constitutional rights by doing so and that he was fully aware of the maximum sentences he could receive for each of the charges. We therefore do not subscribe to Miller’s argument that he was mentally incapacitated at the time of this hearing and did not understand the consequences of his plea. We find no evidence in the record of such an incapacitation and neither does Miller meet his burden to prove such mental suffering.
¶ 8. In the case of Mason v. State, 440 So.2d 318, 319 (Miss.1983), the Mississippi Supreme Court professed:
We have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them.
In accordance with that ruling, this Court finds that Miller was fully aware of the repercussions of his guilty plea and was well informed about this waiver of his constitutional rights, and we therefore find that he did plead guilty knowingly, intelligently and voluntarily in accordance with the law.
¶ 9. As to Miller’s contention that he was not given an evidentiary hearing on *74 this issue, we find that there was no error on the part of the trial judge. An eviden-tiary hearing is only imperative where the transcript of the plea hearing “does not reflect that [the petitioner] was advised concerning the rights of which he allegedly claims ignorance.” Roland v. State, 666 So.2d 747, 751 (Miss.1995); Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). It is clear to this Court from the record provided that Miller was explicitly informed by the trial judge of his right against self-incrimination, to a trial by jury and to confront his accusers. It is also clear from the record that Miller was informed by the trial judge that a guilty plea would constitute a waiver of those rights. Therefore, in accordance with the holdings in Roland and Alexander, we hold that Miller was not entitled to an evidentiary hearing on this matter.
¶ 10. Miller also argues before this Court that he was not provided with effective assistance of counsel. In order to prevail on the issue of ineffective assistance of counsel, one must prove that his lawyer’s performance was deficient, and that the deficiency was so substantial as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A pri-ma facie case of ineffective assistance of counsel must be one that is alleged with specificity to show both that counsel’s performance was deficient, and also that the deficient performance prejudiced him. Cole v. State, 666 So.2d 767, 777 (Miss. 1995). There is a strong but rebuttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance. Moody v. State, 644 So.2d 451, 456 (Miss.1994). Accordingly, appellate review of counsel’s performance is “highly deferential.” Strickland, 466 U.S. at 689, 104 S.Ct. 2052.
¶ 11. We find that there is no merit to Miller’s claim of ineffective assistance of counsel. Specifically, Miller alleges that his attorney was ineffective in that she had a conflict of interest because she was the sister of an attorney working with the district attorney’s office. Miller is grasping at straws here. The following record excerpts satisfy this Court that Miller’s attorney effectively counseled Miller and that he had no complaints regarding inadequate assistance of counsel or a conflict of interest at the time of his guilty plea:
Q. [By trial judge] Okay. Do you understand that you’re entering a [guilty] plea to Count I of the indictment of kidnaping?
A. [By Miller] Yes.
Q. Count II, simple assault on a law enforcement officer, and Count III, possession of a firearm by a convicted felon. Do you understand that?
A. Yes.
Q. Do you understand the nature of each of these charges against you?
A. Yes.
Q. Have you and your attorney discussed the facts and circumstances surrounding these charges?
A. Yes.
Q. Have you and your attorney discussed all possible defenses you would have in a trial on these charges?
A. Yes.
Q. Are you satisfied with the advice and counsel of your attorney?
A. Yes.
¶ 12. There is nothing we can find in the record of this case that supports Miller’s position that he suffered prejudice from an insufficient representation by his attorney. Miller would have us believe that his attorney was inadequate because her brother is an attorney with the district attorney’s office. However, the State *75 points out that defense counsel’s brother was not present at Miller’s plea qualification hearing and farther, Miller provides no evidence that his defense counsel’s brother was involved in his case in any shape, form or fashion. Miller appears to be arguing to this Court that, it is a conflict of interest for any attorney to take a criminal case if they have a relative who works in the office of the district attorney. This is an absolutely illogical idea. We would certainly be dealing with a completely different matter if, in fact, his defense counsel’s brother was involved in Miller’s case and was prosecuting the same. That is simply not the case here. Therefore, we cannot find that Miller’s defense counsel had a conflict of interest with the district attorney’s office, much less that this alleged conflict of interest worked in some way to prejudice Miller. We find no evidence whatsoever in the record of such a fiasco, nor does Miller bring forth any evidence to this Court that would call for a reversal of the lower court’s decision that there was no basis for Miller’s claim of insufficient counsel based on this purported conflict of interest.
¶ 13. Further, we find no evidence in the record or submitted by Miller that would convince us of any improper or careless counseling on the part of Miller’s attorney. There is adequate evidence that Miller’s attorney, in fact, gave him sound advice to plead guilty in this case in order to help him avoid a likely life sentence. The State’s original indictment against Miller in this case included the pursuit of a heavier sentence based on his status as a habitual offender, since Miller had been convicted of other previous violent crimes, including manslaughter. The State later offered to drop the quest for habitual offender status if Miller would plead guilty to the crimes in this case. On the advice of his attorney, Miller took the guilty plea to avoid a sentence of up to thirty years rather than the eighteen years that he actually received. We find nothing that would suggest that his counsel gave him bad advice, nor do we see any evidence that she was in cahoots with the district attorney’s office because her brother happened to work there. Therefore, it is our opinion that Miller had more than adequate counseling in this situation, and under the test in Strickland, his argument of insufficient counsel fails. Strickland, 466 U.S. at 687-96, 104 S.Ct. 2052; Cole, 666 So.2d at 777.
¶ 14. We further take note of the fact that Miller is not asking this Court to completely overturn his entire sentence, but rather only to overturn the twelve year sentence for kidnaping and enter a five year sentence in its stead. It is bewildering and unsettling that Miller does not attempt to convince us in any way that he is not guilty of the crime of kidnaping. Rather, he is only concerned that he is spending too much time in prison for committing the crime and is so presumptuous as to pursue a favorable review from this Court with such an attitude. The Mississippi statute on kidnaping reads as follows:
Any person who shall without lawful authority forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be secretly confined or imprisoned against his or her will ... shall, upon conviction, be imprisoned for life in the state penitentiary if the punishment is so fixed by the jury in its verdict. If the jury fails to agree on fixing the penalty at imprisonment for life the court shall fix the penalty at not less than one year nor more than thirty years in the state penitentiary.
Miss.Code Ann. § 97-3-53 (Rev.2000). According to the statute, Miller could be serving a life sentence. Miller has argued to this Court that the victim, his ex-girlfriend, submitted a sworn statement in the form of an affidavit that Miller did not *76 kidnap her at gunpoint. We recognize that this is not the truth. In fact, what the affidavit by the victim states is that she had agreed to drop all the charges, not that the charges were false. Even with this affidavit, Miller still pled guilty to all three crimes, knowingly, intelligently and voluntarily.
¶ 15. For the foregoing reasons, we affirm the decision of the lower court to deny post-conviction relief to Miller.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY, DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO YAZOO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.