812 So.2d 259 (2002)
Calvin FAIRLEY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-CA-00266-COA.
Court of Appeals of Mississippi.
March 19, 2002.
*261 Thomas E. Payne, Biloxi, for appellant.
Office of the Attorney General by Billy L. Gore, for appellee.
Before McMILLIN, C.J., BRIDGES, and IRVING, JJ.
BRIDGES, J., for the Court.
¶ 1. Following an indictment by the grand jury, Calvin Fairley pled guilty to the charge of transfer of a controlled substance in the Circuit Court of the First Judicial District of Harrison County, Mississippi, the Honorable John H. Whitfield presiding. With the assistance of counsel, Fairley pled guilty in open court on May 24, 2000. After hearing Fairley's guilty plea and reviewing his written petition to plead guilty, Judge Whitfield accepted Fairley's plea as having been voluntarily, knowingly and intelligently made. As part of the plea bargain, five additional felony charges were retired to the files. A presentence investigation was ordered and Fairley was thereafter sentenced as an habitual offender to serve fifteen years day for day in the custody of the Mississippi Department of Corrections. On September 8, 2000, Fairley filed his pro se motion for post-conviction relief, alleging his plea was involuntary and his lawyer rendered ineffective assistance of counsel. Judge Whitfield considered Fairley's post-conviction papers without the benefit of an evidentiary hearing and summarily ruled to dismiss the motion on September 12, 2000. Aggrieved, Fairley perfected his appeal and comes before this Court raising one issue:
THE TRIAL COURT ERRED WHEN IT SUMMARILY DISMISSED FAIRLEY'S PETITION FOR POST-CONVICTION RELIEF WITHOUT THE BENEFIT OF AN EVIDENTIARY HEARING.
¶ 2. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 3. The Mississippi Supreme Court has explained the procedure of an appeal from summary dismissal of a motion for post-conviction relief as follows:
[R]eview of claims brought via formal post-conviction petition proceeds in a structural order whereby "[o]ur procedural posture is analogous to that when a defendant in a civil action moves to dismiss for failure to state a claim. Functionally, section 99-39-9 is substituted for the pleadings requirements of Rule 8(a) and (e), Miss. R. Civ. P."
*262 Young v. State, 731 So.2d 1120, 1122 (¶ 6) (Miss.1999) (quoting Myers v. State, 583 So.2d 174, 175-76 (Miss.1991)).
¶ 4. Mississippi Code Annotated section 99-39-9 (Rev.2000) provides that motions for post-conviction relief shall contain the following:
(a) The identity of the proceedings in which the prisoner was convicted.
(b) The date of the entry of the judgment of conviction and sentence of which complaint is made.
(c) A concise statement of the claims or grounds upon which the motion is based.
(d) A separate statement of the specific facts which are within the personal knowledge of the prisoner and which shall be sworn to by the prisoner.
(e) A specific statement of the facts which are not within the prisoner's personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the prisoner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.
(f) The identity of any previous proceedings in federal or state courts that the prisoner may have taken to secure relief from his conviction and sentence.
¶ 5. Mississippi Code Annotated section 99-39-11 (Rev.2000) provides the authority for the judge to summarily dismiss the motion without the benefit of an evidentiary hearing. This Court will not disturb the denial of a petition for post-conviction relief by a lower court unless they are found to be clearly erroneous. Laushaw v. State, 791 So.2d 854, 856-57(¶ 13) (Miss. Ct.App.2001). However, where questions of law are raised the applicable standard of review is de novo. Id.

LEGAL ANALYSIS
¶ 6. A trial court may summarily dismiss a post-conviction petition when it is clear upon the face of the petition itself or the exhibits or material from prior proceedings that there are no facts upon which the petitioner could prevail. Robertson v. State, 669 So.2d 11 (Miss.1996). See also Taylor v. State, 782 So.2d 166, 168(¶ 4) (Miss.Ct.App.2000). Such is the case where the defendant fails to allege with "specificity and detail" that his counsel's performance was deficient and prejudicial to his defense. Robertson, 669 So.2d at 13.
¶ 7. Fairley argues that his plea of guilty was not entered voluntarily due to his attorney's misrepresentation that he would receive a "jail sentence" as opposed to sentencing in our state penitentiary. Furthermore, Fairley asserts that he wanted to accept an offer by the State of eight years but was persuaded differently by Hudson. Fairley further exemplifies Hudson's inadequacies by his failure to advise the trial court of a letter from Court Program, Inc. The State contends there is no merit to any of the mentioned "inadequacies."
¶ 8. Fairley makes such arguments, but fails to offer any proof or further explanation of the assertions. His fill-in-the-blank motion simply introduces the arguments but does not state with "specificity and detail" any allegations supporting such arguments. Fairley does not state what the difference is between a "jail sentence" and what he actually received from the court. *263 Furthermore, he does not explain what Court Program, Inc. is or what its primary function is.
¶ 9. Addressing the argument of a previous eight year sentencing recommendation, the State contends there was never an offer made for a term of eight years, only that this may be the term that Fairley had hoped to receive. The State made no recommendations, as reflected in the plea petition, with the exception of passing the other five felonies to the files.
¶ 10. "Facts asserted to exist must and ought to be definitely proved and placed before [the Court] by a record, certified by law; otherwise, [the Court] cannot know them." Colenburg v. State, 735 So.2d 1099, 1102(¶ 6) (Miss.Ct.App. 1999). This Court "does not act upon innuendo and unsupported representation of fact by defense counsel." Id. "This Court can act only on the basis of the contents of the official record.... It may not act upon statements in briefs or arguments of counsel which are not reflected by the record." Porter v. State, 749 So.2d 250, 256(¶ 18) (Miss.Ct.App.1999).
¶ 11. If the defendant is advised regarding the nature of the charge and the consequences of entering a plea of guilty, then the plea is considered "voluntary and intelligent." Richardson v. State, 769 So.2d 230, 233(¶ 6) (Miss.Ct.App.2000). Additionally, solemn declarations in open court carry a strong presumption of verity. Id. Fairley did not offer the transcript of the plea colloquy as a part of the official record for the benefit of this Court. A court of appeals only acts upon matters contained in the official record and not upon assertions in briefs. Colenburg, 735 So.2d at 1102(¶ 6) (citing Saucier v. State, 328 So.2d 355, 357 (Miss.1976)). Fairley's six page petition to enter a plea of guilty exhibits his intentions to plead guilty. He placed his initials beside each constitutional right he was waiving and Fairley completed the petition by writing in the minimum and maximum years' imprisonment he could receive and the financial penalties the charge carried. The petition was signed by Fairley and by his attorney. Fairley also swore that he did not receive any promises or suggestions of any kind that he would receive a lighter sentence, probation, or any other form of leniency in exchange for pleading guilty. These solemn declarations in open court were signed under oath and we view them with a strong presumption of verity.
¶ 12. Case law dictates that when the record shows the trial court fully informed the defendant of a mandatory sentence and the defendant acknowledged the sentence, the defendant's claimed expectation for a more lenient sentence is rebutted. Houston v. State, 461 So.2d 720, 722 (Miss.1984). Furthermore, our supreme court held in Roland v. State, 666 So.2d 747, 750 (Miss.1995), that the plea is rendered voluntary when the defendant hears from the trial court what the effects and consequences of his guilty plea will be, despite the advice given to the defendant by his attorney. Id. at 750. See also Smith v. State, 636 So.2d 1220, 1225 (Miss. 1994). Reviewing the plea petition, it is obvious that Fairley was made aware of the minimum and maximum terms of imprisonment and penalties the charge of transfer carried. He further exhibited his desire to plead guilty when he placed his signature at the end of the document and entered the petition into the official court record.
¶ 13. We note that Fairley's brief and his motion for post-conviction relief is Fairley's only offering to this Court to rebut the State's evidence that his attorney provided him with adequate counsel. Fairley does not offer this Court any other *264 proof, such as witnesses's affidavits, setting forth specific acts of ineffective assistance of counsel. However, his brief alleges that it was the misrepresentations of Hudson that caused him to plead guilty.
¶ 14. Fairley's affidavit alone is not enough for this Court to reverse on the grounds of ineffective assistance of counsel. Coleman v. State, 772 So.2d 1101, 1102(¶ 7) (Miss.Ct.App.2000). "Where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit." Coleman, 772 So.2d at 1102(¶ 7) (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995)).
¶ 15. In order to make out a case for ineffective assistance of counsel, Fairley must prove that his attorney's performance was deficient and that the deficiency was so substantial as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985); Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). "The burden to demonstrate both prongs is on the defendant who faces a strong but rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance." Eakes v. State, 665 So.2d 852, 872-73 (Miss.1995). Each case should be decided based on the totality of the circumstances, that is, by looking to the evidence in the entire record. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990); Stringer, 454 So.2d at 476. The standard of performance used is whether counsel provided "reasonably effective assistance." Leatherwood, 473 So.2d at 968.
¶ 16. Fairley argues that he was misled by his appointed counsel. There is no evidence that such an injustice occurred. Looking at the limited record, the plea petition negates all of Fairley's assertions against Hudson. Fairley signed in the petition that he was satisfied with his attorney, that he was content with the advice and counsel of Hudson and that he was voluntarily pleading guilty and admitting to the crime for which he was charged. As such, we accept the truth to be the version told by Fairley in open court, under oath and before Judge Whitfield rather than the version in Fairley's brief supported by nothing but his self-serving affidavit. "Where the petitioner's version is belied by previous sworn testimony, for example, as to render his affidavit a sham we will allow summary judgment to stand." Richardson v. State, 769 So.2d 230, 236(¶ 14) (Miss.Ct.App.2000) (quoting Mowdy v. State, 638 So.2d 738, 743 (Miss.1994)). The Mississippi Supreme Court concluded in Roland v. State, 666 So.2d 747, 751 (Miss.1995), that an evidentiary hearing is not necessary if the record of the plea hearing reflects that the defendant was advised of the rights of which he claims he was not aware. Id. at 751. "When the record of the plea hearing belies the defendant's claims, an evidentiary hearing is not required." Simpson v. State, 678 So.2d 712, 716 (Miss.1996).
¶ 17. Fairley also contends that there is cause for argument because of the language of the order denying the motion. Purportedly, the order does not state with specificity the reasoning for denial. Fairley is mistaken. There is no requirement placed upon the trial judge to specifically list the reasons for his or her decision. Furthermore, the order adopts the motion and all that it sets forth.
¶ 18. Fairley also submits that the trial judge rendered a judgment in a "extremely small time span" and could not have given much thought to the decision. The law requires a prompt examination by the trial court and the judge simply followed the law. Miss.Code Ann. § 99-39-11(1) *265 (Rev.2000). The only materials the judge can review in determining the ruling on the motion is the motion itself, the court's official file and the applicable law. Fairley now contends that this was not the proper action to be followed but we are not so persuaded.
¶ 19. In conclusion, Fairley's arguments contradict the written plea petition which was signed under oath. He offers no proof in the way of affidavits of witnesses which could testify that he did not knowingly, intelligently and voluntarily enter his plea of guilty. The Strickland test was not met for ineffective assistance of counsel. The motion, on its face, does not entitle the movant to any relief. Therefore, we affirm the trial court's denial of the motion for post-conviction relief.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.