939 So.2d 810 (2006)
Parco ROLAND a/k/a Antonio Parco Roland a/k/a Tony A. Roland a/k/a "Parco-Poco" a/k/a Antonio Roland a/k/a Parco Antonio Roland a/k/a Parko Roland, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01150-COA.
Court of Appeals of Mississippi.
September 19, 2006.
*811 Parko Roland, appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., GRIFFIS and BARNES, JJ.
GRIFFIS, J., for the Court.
¶ 1. Parko Roland was indicted on April 23, 1992, on two counts of armed robbery. The indictment also alleged that Roland was a habitual offender and subject to Mississippi Code Annotated Section 99-19-81 (Rev.2000). Roland agreed to plead guilty to both counts of armed robbery, under an agreement that dropped the habitual offender portion of the indictment and four other pending indictments for grand larceny. On August 10, 1992, Roland's guilty plea was accepted by the court. He was sentenced to serve fifteen years for count I and thirty years for count II, with the sentences to run consecutively, in the custody of the Mississippi Department of Corrections.
¶ 2. On September 27, 1993, Roland filed a petition for post-conviction collateral relief alleging that his guilty plea was involuntary and that he was provided ineffective assistance of counsel. The Circuit Court of Lauderdale County denied the petition on January 21, 1994, and Roland filed a notice of appeal on February 3, 1994. The supreme court affirmed the denial of Roland's petition for post-conviction relief. Roland v. State, 666 So.2d 747 (Miss.1995).
¶ 3. Roland filed a subsequent petition for post-conviction collateral relief on February 28, 2005. In this petition, Roland alleged that the sentence imposed was excessive and that he was improperly informed as to the sentence which could be imposed.
¶ 4. The petition was dismissed as a successive writ and time-barred. Roland appeals and raises four issues: (1) the sentence imposed was an excessive sentence which exceeded the life expectancy of the defendant and was beyond the judges authority to impose, (2) the trial court erred in advising Appellant that the court could impose a life sentence in the event Appellant was found guilty, (3) the trial court erred in applying the three-year statute of limitations as a procedural bar, where the petition asserted an intervening decision and fundamental constitutional claim, and (4) the trial court erred in dismissing the post-conviction motion as frivolous and imposing sanctions under section 47-5-138 of the Mississippi Code Annotated (Rev.2004). We find no error and affirm.

STANDARD OF REVIEW
¶ 5. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002). However, when issues of law *812 are raised the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS
¶ 6. Roland's petition is clearly a successive writ and is time-barred. Mississippi Code Annotated Section 99-39-27(9) (Rev.2000) provides that "[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article." Roland's current motion for post-conviction relief is barred from review as a second or successive application. Id. Furthermore, Roland's petition is time-barred under Mississippi Code Annotated Section 99-39-5(2)(Rev.2000).
¶ 7. In Roland's first petition for post-conviction relief, he argued that his counsel was ineffective because he incorrectly advised him of the potential sentence that could be imposed. The supreme court addressed Roland's sentence, in response to the ineffective assistance of counsel claim. At the time of Roland's guilty plea there were four other indictments pending against him, each charging Roland as a habitual offender. If he had been convicted on all indictments then pending, Roland would have been subject to mandatory sentences of two life sentences, the possibility of the sentences running consecutively and that all sentences would be without the eligibility of parole or early release. Roland, 666 So.2d at 749-50. A sentence is not an illegal life sentence if it is reasonably calculated to be less than life. Davis v. State, 477 So.2d 223, 224 (Miss.1985); Harper v. State, 463 So.2d 1036, 1038 (Miss.1985); Wilson v. State, 390 So.2d 575, 580 (Miss.1980). In addition, the supreme court found that Roland's plea was voluntarily and intelligently made. Roland, 666 So.2d at 750. Therefore, we find issues one, two and three to be without merit.
¶ 8. As we have found, Roland's sentence was not illegal. The supreme court affirmed the trial court's denial of Roland's first petition for post-conviction relief, and specifically found that Roland's claims "are patently and plainly without any merit and . . . frivolous." Id. at 751. The supreme court specifically cautioned "Roland and other litigants that this Court will not hesitate to impose sanctions where the claim is clearly frivolous." Id. "Although we do not impose sanctions in this case, we do issue a caution to Roland and others that in the future such sanctions will be imposed or that cost will be imposed at the time of filing." Id. at 752. In blatant disregard of this warning, Roland filed a subsequent petition for post-conviction relief. We cannot find that the trial court abused its discretion in imposing a sanction that the supreme court warned of. We find no error and affirm.
¶ 9. Likewise, we find that Roland's appeal to this Court is frivolous. Thus, based on the supreme court's previous stern admonition to Roland and pursuant to Mississippi Code Annotated Section 47-5-138(3)(a)(Rev.2004), we conclude that this Court's mandate is a "final order" that "dismisses a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections as frivolous, malicious or for failure to state a claim upon which relief could be granted." We direct the Clerk to provide a copy of this opinion to the Mississippi Department of Corrections with the instruction that the Mississippi Department of Corrections is directed and ordered that an additional sixty (60), for a total of one hundred twenty (120) days of accrued earned time shall be forfeited by Roland. Miss.Code Ann. § 47-5-138(3)(b)(ii) (Rev.2004).
*813 ¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. THE CLERK SHALL PROVIDE A COPY OF THIS OPINION TO THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE INSTRUCTION THAT THE DEPARTMENT IS DIRECTED AND ORDERED THAT AN ADDITIONAL SIXTY (60) DAYS OF ACCRUED EARNED TIME SHALL BE FORFEITED BY ROLAND WITHIN THE PARAMETERS OF SECTION 47-5-138 OF THE MISSISSIPPI CODE ANNOTATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY. ROBERTS, J., NOT PARTICIPATING.