733 So.2d 833 (1999)
Glendora JENKINS and Wendell Woodard
v.
STATE of Mississippi.
No. 96-CT-01248-SCT.
Supreme Court of Mississippi.
March 11, 1999.
Walter Wright Thompson, Dan T. Bing, Clarksdale, Attorneys for Appellants.
Office of the Attorney General by Dewitt T. Allred, Attorney for Appellee.
EN BANC.

ON MOTION FOR PRE-HEARING CONFERENCE
MILLS, Justice, for the Court.
¶ 1. Appellants Glendora Jenkins and Wendell Woodard (a.k.a. Henry Woodard, Jr.) were convicted of the crime of making a false representation with intent to defraud the State, in violation of Miss.Code Ann. § 97-7-10 (1994) as amended. The case involves an alleged scheme by which the appellants used alias names and obtained payments for grain in avoidance of a lien held by the State. The Court of Appeals affirmed the convictions and granted the appellants' motion to stay the issuance of a mandate. The appellants have now filed a motion for prehearing conference pursuant to M.R.A.P. 33, in addition to a Petition for Writ of Certiorari, consideration of which is presently suspended *834 pending a determination of the instant motion.
¶ 2. M.R.A.P. 33 provides that
At any time after the filing of a notice of appeal, the Supreme Court or the Court of Appeals may direct the attorneys for the parties to appear before the court, a justice of the Supreme Court or a judge of the Court of Appeals, or a person designated by the appropriate court for a prehearing conference to consider the simplification of the issues and such other matters as may aid in the disposition of the proceeding by the court, including settlement. The court, justice, judge, or person designated shall make an order which recites the action taken at the conference and the agreements made by the parties as to any of the matters considered and which limits the issues to those not disposed of by admissions or agreements of counsel. Such order, when entered, controls the subsequent course of the proceeding, unless modified to prevent manifest injustice.
¶ 3. The motion seeking the conference asserts that the parties have reached a settlement but makes no specific statement as to what that settlement may be. The State joins the motion and indicates that an agreement has been reached whereby Jenkins and Woodard would make full restitution to the State in exchange for a suspension or partial suspension of their sentence under the provisions of Miss.Code Ann. § 47-7-47 (Supp.1998).
¶ 4. The language of M.R.A.P. 33 does not exclude or limit its application in criminal cases. However, we hold that this rule was not intended to facilitate post-trial settlement or "plea bargains" in criminal cases by the appellate courts. Sound policy considerations dictate that neither this Court nor the Court of Appeals should actively engage or participate in any capacity in the post-conviction negotiation of plea bargains or sentencing and/or re-sentencing matters during the pendency of any criminal appeal at any stage. This is quite simply not a proper or legitimate function of the appellate courts and would interfere with the appellate courts' legitimate function of impartial review of the record on appeal. We have stated
1. The jurisdiction of this court is fixed by section 146, Const., which reads: "The Supreme Court shall have such jurisdiction as properly belongs to a court of appeals." Under this section, the proper jurisdiction of this court is only "`to review and revise the judicial action of an inferior tribunal,' * * * and such incidental jurisdiction `of a quasi-original character' as is necessary to preserve its dignity and decorum and to give full and complete operation * * * to its appellate powers." (citations omitted).
Brown v. Sutton, 158 Miss. 78, 83-84, 121 So. 835, 837 (1929). Neither our jurisdiction, nor that of the Court of Appeals, extends to the negotiation and imposition of plea bargains or original sentencing issues. Such matters are properly left to the discretion of the various trial courts of this State with original jurisdiction in criminal cases.
¶ 5. The parties have some question as to whether the trial court has jurisdiction to take any action at this stage of the case. However, the record reveals that the trial court originally retained sentencing jurisdiction under the provisions of Miss.Code Ann. § 47-7-47 (2) & (4) (Supp. 1998), which states in relevant part as follows:
. . . .
(2)(a) Any circuit court or county court may, upon its own motion, acting upon the advice and consent of the commissioner at the time of the initial sentencing only, not earlier than thirty (30) days nor later than one (1) year after the defendant has been delivered to the custody of the department, to which he has been sentenced, suspend the further execution of the sentence and place the *835 defendant on earned probation, except when a death sentence or life imprisonment is the maximum penalty which may be imposed or if the defendant has been confined for the conviction of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof or has been convicted of a felony involving the use of a deadly weapon.
(b) The authority granted in this subsection shall be exercised by the judge who imposed sentence on the defendant, or his successor.
(c) The time limit imposed by paragraph (a) of this subsection is not applicable to those defendants sentenced to the custody of the department prior to April 14, 1977. Persons who are convicted of crimes that carry mandatory sentences shall not be eligible for earned probation.
. . . .
(4) If the court places any person on probation or earned probation, the court may order the person to make appropriate restitution to any victim of his crime or to society through the performance of reasonable work for the benefit of the community.
¶ 6. The record also establishes that the appellants were released on appeal bond shortly after sentencing and have not served more than one year in the custody of the Department of Corrections. The trial court has thus retained continuing jurisdiction over this matter. These facts are distinguishable from Mississippi Comm'n on Judicial Performance v. Russell, 691 So.2d 929, 938, 943 (Miss.1997) (citations omitted) in which the trial court did not originally retain jurisdiction under the statute. We further note no mandate has issued in this appeal. Finally, we observe that § 47-7-47 does not inhibit the ability of the trial court to "adjust" a sentence within the limits of that statute while an appeal is pending. In fact, common sense would dictate that the Legislature intended the trial court to have this authority in cases where the trial court properly retains jurisdiction under the statute at the time of original sentencing, given the lengthy nature of the appellate process and the relatively short limitation periods in the statute.
¶ 7. Inasmuch as this Court perceives no statutory or stare decisis impediment in this case to the trial court's reconsideration of its sentence under the provisions of Miss.Code Ann. § 47-7-47(2) (Supp.1998), the issues and facts presented in the motion for prehearing conference would best be addressed in the trial court. The motion for pre-hearing conference before this Court is therefore denied. The matter may be presented to the trial court for determination of any issues and matters the parties may wish to present and which it may properly consider under the terms and within the limits of Miss.Code Ann. § 47-7-47(2) (Supp.1998) and for the trial court to take whatever action, if any, within its discretion and within the limits of the statute it deems appropriate.
¶ 8. The suspension of consideration of this case under M.R.A.P. 17(e) is continued for an additional sixty (60) days from the date of this opinion in order to provide adequate time for the parties to present the matter to the trial court and for the trial court to consider and rule on the matter.
¶ 9. MOTION FOR PREHEARING CONFERENCE PURSUANT TO M.R.A.P. 33 IS DENIED. SUSPENSION OF CONSIDERATION OF THE PETITION FOR WRIT OF CERTIORARI UNDER M.R.A.P. 17(e) IS CONTINUED FOR AN ADDITIONAL SIXTY (60) DAYS FROM THE DATE OF THIS OPINION.
PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH AND WALLER, JJ., CONCUR.
McRAE, J., CONCURS IN RESULT ONLY.