767 So.2d 1058 (2000)
Michael B. MYERS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00041-COA.
Court of Appeals of Mississippi.
September 19, 2000.
*1059 Michael B. Myers, Appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, Attorneys for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND THOMAS, JJ.
BRIDGES, J., for the Court:
¶ 1. Michael B. Myers was sentenced to a term of life imprisonment for the crime of murder and forty years, to be served consecutively with the life sentence, for the crime of armed robbery. Myers pled guilty in the Circuit Court of Neshoba County, Mississippi to both crimes. This appeal was filed by Myers in response to a denial by the trial court for post-conviction relief.

I. WHETHER THE LOWER COURT COMMITTED REVERSIBLE ERROR *1060 IN DENYING APPELLANT'S REQUEST FOR POST-CONVICTION RELIEF?

FACTS
¶ 2. Myers came before the Circuit Court of Neshoba County accused of the crimes of armed robbery and capital murder of Eddie R. Raspberry. Myers pled guilty to both crimes in open court after entering into a plea bargain with the State lowering his charge to murder rather than capital murder, thereby avoiding the possibility of a death sentence. Myers now seeks relief under the Post-Conviction Relief Act, Miss.Code Ann. § 99-39-1 (Rev. 1994). Myers alleges a violation of his constitutional rights, including the privilege against compulsory self-incriminating evidence and the right to effective assistance of counsel.
¶ 3. Myers claims that he was not properly informed by his attorneys of the consequences of a plea of guilty and therefore did not knowingly, intelligently and voluntarily waive his right to the privilege against self-incrimination. The trial judge determined, after questioning Myers and before his sentence was imposed, that Myers knew of the consequences of his guilty plea and therefore made a valid waiver of his constitutional right to a jury trial. The trial judge also found that Myers was adequately informed of the effect of his acceptance of the State's offer to plea bargain and that his counsel had not been insufficient.

LEGAL ANALYSIS

I. WHETHER THE LOWER COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S REQUEST FOR POST-CONVICTION RELIEF?
¶ 4. On the issue of whether Myers was advised of his constitutional rights prior to his plea of guilty, we look to the U.S. Supreme Court case of Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which provides the standard for determining whether a guilty plea is knowingly, intelligently and voluntarily made by the defendant. Id. There are at least three federal constitutional rights which are necessarily waived with a guilty plea. Id. at 243, 89 S.Ct. 1709. "First, is the privilege against compulsory self-incrimination.... Second, is the right to trial by jury. Third, is the right to confront one's accusers." Id. These three very important rights are not waived so easily. A presumption of a waiver of these rights by a defendant may not be had where the record is silent. Id. at 242, 89 S.Ct. 1709. The record must provide definite evidence of such a waiver and the admissibility of the waiver must be "based on a reliable determination on the voluntariness" of the waiver. Id.
¶ 5. In the instant case, the record transcript of Myers's rearraignment hearing speaks volumes to this Court. After Myers's plea of guilty was recorded, the trial judge asked Myers whether he understood the concept of this waiver of his right against self-incrimination. Myers responded that he did understand. He further went on to again respond affirmatively when asked by the judge if the consequences of a guilty plea were explained to him by his attorneys. We cannot find anything in the record to suggest that Myers was ever unaware of the effects of his guilty plea or that he did not clearly understand that with a plea of guilty, his rights against self-incrimination, to a jury trial and to confront his accusers were properly waived. He stated himself that his attorneys apprised him of all of the ramifications of his guilty plea. Furthermore, this Court finds no indication of duress or coercion that would force Myers to make a plea of guilty. Myers even stated to the judge that he had discussed with his family the fact that he intended to plead guilty to these crimes prior to the rearraignment.
¶ 6. Moreover, the trial judge questioned Myers about the plea bargain arrangement *1061 with the State to which he had agreed. The State's attorney was asked to read aloud the recommendation made to Myers that if he pled guilty to the crimes of murder and armed robbery, he would receive a life sentence plus forty years rather than a charge of capital murder which would carry the possibility of a death sentence if Myers chose to take his chances in a jury trial. Myers was present during the State attorney's recitation of this plea bargain and informed the judge that he understood the offer and that the offer had previously been communicated to him. He further stated that he agreed to the terms of the plea bargain. In the case of Mason v. State, 440 So.2d 318, 319 (Miss.1983), the Mississippi Supreme Court professed
We have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them.
In accordance with that ruling, this Court finds that Myers was fully aware of the repercussions of his guilty plea and was well informed about the details of the plea bargain arrangement and therefore did plead guilty knowingly, intelligently and voluntarily.
¶ 7. As to Myers's contention that he was not given an evidentiary hearing on this issue pursuant to Miss.Code Ann. §§ 99-39-13 through 99-39-23, we find that there was no error on the part of the trial judge in denying such hearing. An evidentiary hearing is only imperative where the transcript of the plea hearing "does not reflect that [the petitioner] was advised concerning the rights of which he allegedly claims ignorance." Roland v. State, 666 So.2d 747, 751 (Miss.1995); Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). It is clear to this Court from the record provided that Myers was explicitly informed by the trial judge of his right against self-incrimination, to a trial by jury and to confront his accusers, not just once, but many times. It is also clear from the record that Myers was informed by the trial judge that a guilty plea would constitute a waiver of those rights. Therefore, in accordance with the holdings in Roland and Alexander, we hold that Myers was not entitled to an evidentiary hearing on this matter and the trial judge properly denied the same.
¶ 8. Myers also brings before this Court the issue of whether he was provided with effective assistance of counsel. In order to prevail on the issue of ineffective assistance of counsel, one must prove that his lawyer's performance was deficient, and that the deficiency was so substantial as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A prima facie case of ineffective assistance of counsel must be one that is alleged with specificity and detailed matters to show both that counsel's performance was deficient, and also that the deficient performance prejudiced him. Cole v. State, 666 So.2d 767, 777 (Miss. 1995). There is a strong but rebuttable presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Moody v. State, 644 So.2d 451, 456 (Miss.1994). Accordingly, appellate review of counsel's performance is "highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. 2052.
¶ 9. Again looking to the record of Myers's rearraignment, we find that there is no merit to Myers's claim of ineffective assistance of counsel. Specifically, he alleges that his attorney, Robert N. Brooks, was ineffective in that he made no effort to adequately represent him in these criminal charges. We conclude that this is not the case. The following record excerpts satisfy this Court that Myers's attorneys effectively counseled Myers and that he had no complaints regarding inadequate assistance of counsel at the time of his guilty plea:

*1062 Q. [by trial judge] Do you understand what it is to waive your right against self-incrimination?
A. [by Myers] Yes, sir.
Q. Has that been explained to you by your two attorneys?
A. Yes, sir.
* * *
Q. The attorneys who represent you, they are Court-appointed. Are you satisfied with their services?
A. Yes, sir.
Q. Do you feel they have properly represented you in this case?
A. Yes, sir.
Q. Do you have any questions of this Court regarding that?
A. No, sir.
¶ 10. As we have discussed above, there is nothing we can find in the record of this case that supports Myers's position that he was not adequately counseled or that he was not informed of the waiver of his rights in pleading guilty to the crimes of armed robbery and murder. Furthermore, this Court can uncover no evidence in the record that would tend to show that Myers was not informed of the sentence that he would serve under the plea bargain arrangement with the State's attorneys. Myers, in our opinion, was fully informed of all aspects of this case by both his attorneys and by the trial judge in this case. It is for these reasons that we find no merit to Myers's arguments for post-conviction relief and hold that the trial judge was not in error for denying such relief.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OF DENIAL OF POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR. McMILLIN, C.J., NOT PARTICIPATING.