799 So.2d 123 (2001)
Ervin McCLINTON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01588-COA.
Court of Appeals of Mississippi.
October 9, 2001.
*125 Ervin McClinton, Appellant, pro se.
Office of the Attorney General by John R. Henry, Jr., Booneville, Attorney for Appellee.
Before McMILLIN, C.J., THOMAS, and CHANDLER, JJ.
CHANDLER, J., for the Court:
¶ 1. Ervin McClinton was sentenced to serve ten years in the state penitentiary for the offense of the sale of cocaine. The sentencing court suspended said sentence and placed him on probation for a term of two years. On March 23, 1998, petitioner's probation was revoked and he was ordered to serve a term of ten years in the custody of the Mississippi Department of Corrections. On March 30, 1998, McClinton's field officer filed an affidavit with the Sunflower County Circuit Court setting forth that McClinton had not conducted himself properly and had materially violated the conditions of his probation by: failing to report regularly, violating the law, failing to pay supervision fines, and refusing to submit to chemical analysis. On April 7, 1998, the Circuit Court of Sunflower County filed an order revoking his probation. On June 10, 2000, McClinton filed a motion to show cause for reinstatement of probation and sought to be re-admitted to probation. The circuit court denied this relief. On appeal McClinton alleges that he was denied due process of law when: 1) the trial court failed to inform him of the conditions of his probation at the time it suspended sentence and placed him on probation, 2) the trial court failed to inquire into his financial ability to pay fines at the time sentence was imposed, 3) the trial court revoked his probation on account of accusation of new criminal misconduct, 4) the trial court failed to hold a preliminary hearing to determine if he had violated the terms of his probation, and 5) the trial court failed to inform him of the reasons for which his probation was being revoked. Finding no error, we affirm.

FACTS
¶ 2. On November 11, 1997, Ervin McClinton pled guilty to the offense of the sale of cocaine. At sentencing he represented to the court that he was the father of five children and his home had burned down two weeks prior to the sentencing hearing. He stated that he was employed, had corrected his ways and was the sole *126 support for his children. The court sentenced him to ten years imprisonment, suspended the same, and placed him on probation for two years.
¶ 3. Just a few months later, McClinton was arrested for aggravated assault and armed robbery. Because of this offense and the other probation violations, his probation was revoked and he was sentenced to serve the original ten years. At the probation revocation hearing, McClinton admitted to the parole violations but denied that he had committed the armed robbery or aggravated assault. Those criminal charges were later dismissed.

LAW AND ANALYSIS
¶ 4. On appeal, a reviewing court should not disturb a lower court's decision to deny a petition for post-conviction relief unless the court's factual findings are clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo. Eldridge v. State, 764 So.2d 515(¶ 8) (Miss.Ct.App. 2000) (citing Brown v. State, 731 So.2d 595(¶ 6) (Miss.1999)).
¶ 5. Minimum due process requirements have been imposed for parole revocation hearings. Morrissey v. Brewer, 408 U.S. 471, 485-87, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The same due process requirements apply to the probation revocation procedure as held by Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In Riely v. State, 562 So.2d 1206, 1210 (Miss.1990), the Mississippi Supreme Court adopted the minimum due process requirements in a probation revocation as set forth in Gagnon. For a defendant to be guaranteed full protection of the law there must be:
(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking [probation or] parole.
Id. (citing Gagnon, 411 U.S. at 786, 93 S.Ct. 1756.)
¶ 6. McClinton alleges that his due process rights were first violated when the sentencing court failed to inform him of the terms and conditions of his probation at the time it suspended sentence and placed him on probation. This first claim is without merit. The terms of McClinton's probation were clearly set forth in the court order. In Artis v. State, 643 So.2d 533, 537 (Miss.1994), the court held that due process requires that the trial judge at least orally inform the defendant of the terms and conditions upon which his suspended sentence is contingent before it may be properly revoked for violations of those terms and conditions. However, that case does not require a court to orally inform the probationer of the terms and conditions of his probation, when such information has been recorded in written form. Id.
¶ 7. McClinton next claims that his due process rights were violated because the sentencing court failed to inquire about his financial ability to pay fines and court costs. He cites Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), in support of this claim. In Bearden, the Supreme Court held that due process requires a court to inquire into the *127 reasons why a defendant failed to pay a fine or restitution when failure to pay is the basis for the possible revocation of a defendant's probation. Id. at 672, 103 S.Ct. 2064.
¶ 8. This case is not relevant to the issue at hand. McClinton's claims concern the sentencing court and the terms of his probation. The Bearden case concerns the procedures to be followed at a probation revocation hearing, not at the original sentencing. Further, McClinton did not claim inability to pay or indigence as a defense at the revocation hearing. It should also be noted that his probation was revoked on three other grounds, namely: failure to regularly report, refusal to submit to chemical analysis and criminal misconduct.
¶ 9. McClinton's third alleged due process violation involves the felony charges for which he was arrested while on probation. In effect, he claims that his probation should be reinstated because these criminal charges were dismissed and he was never convicted of the crimes. This assertion of error must also fail. It is not necessary that a defendant be convicted of crimes charged to suffer revocation of his probation. Younger v. State, 749 So.2d 219(¶ 12) (Miss.Ct.App.1999) (citing Berdin v. State, 648 So.2d 73, 79 (Miss. 1994)). Probation may be revoked upon a showing that the defendant "more likely than not" violated the terms of probation. Id.
¶ 10. McClinton next alleges that his due process rights were violated when the court failed to hold a preliminary hearing to determine if he violated the terms of his probation. In Gagnon, the Court concluded that a probationer, like a parolee, is entitled to both a preliminary and final revocation hearing under "the conditions specified in Morrissey." Gagnon, 411 U.S. at 782, 93 S.Ct. 1756. McClinton's claim that he was not afforded this preliminary hearing is unsuccessful because he admitted to having waived this hearing in his appeal brief. See Grayson v. State, 648 So.2d 1129, 1133 (Miss.1994).
¶ 11. Finally, McClinton claims that the trial court failed to inform him of the reasons his probation was being revoked. This claim is completely without merit. The transcript of the revocation hearing reveals that McClinton was told that the court possessed an affidavit listing violations of the terms of his probation. The court then began to question him about the specific violations listed and asked McClinton if he had committed the stated violations. McClinton admitted to violating his probation under all listed conditions except he denied having committed the aggravated assault and armed robbery for which he was arrested.
¶ 12. It is the opinion of this Court that McClinton's probation was properly revoked and all minimum due process requirements were met.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.