KING, P. J.,
for the Court.
¶ 1. Valentine Miller, pro se, appeals from the dismissal of his request for post-conviction relief by the Winston County Circuit Court. Miller asserts the following issue on appeal:
I. Whether the circuit court erred in denying petitioner’s post-conviction motion without conducting an evi-dentiary hearing to address whether petitioner was expressly informed of his constitutional right against self-incrimination.
Finding no error, this Court affirms.
FACTS
¶ 2. On October 22, 2001, Valentine Miller pled guilty in the Circuit Court of Winston County to two counts of armed robbery and was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections with the last five years to be served on post-release supervision. Miller also pled guilty on the same day to one count of robbery and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections. The sentences were to be served concurrently.
*668 ¶ 3. On November 1, 2002, Miller filed a “Motion for Post Conviction Collateral Relief’ in the Circuit Court of Winston County. In his motion Miller claimed that his pleas were involuntary because the court failed to advise him of his constitutional right against self-incrimination. Finding Miller’s motion to be without merit, the circuit judge dismissed it on December 2, 2002, without conducting an evidentiary hearing.
ISSUE AND ANALYSIS
Whether the circuit erred in denying petitioner’s post-conviction motion without conducting an evidentiary hearing to address whether petitioner was expressly informed of his constitutional right against self-incrimination.
¶4. Miller asserts that the trial court erred in failing to conduct an eviden-tiary hearing to determine whether he was expressly informed of his right against self-incrimination.
¶ 5. When a motion for post-conviction relief is filed, the trial judge is obligated to review the motion, all files, records, transcripts and correspondence relating to the judgment. Mississippi Code Annotated Section 99 — 39—11—(1) (Rev.2002); Cole v. State, 608 So.2d 1313, 1325 (Miss.1992). If upon such a review it is clear that there is no entitlement to relief, the judge may enter an order dismissing the action. Miss.Code Ann. § 99-39-11(2); Cole v. State, 608 So.2d at 1324. A review of the plea transcript reveals that the trial judge ascertained Miller’s age, and his educational background, after which the following dialogue transpired:
BY THE COURT: Before I can accept your plea of guilty on any of these charges, there are certain of your constitutional rights which I must advise you of and which you will waive by entering a plea of guilty.
BY THE COURT: Do you understand you have the right to testify but that you also have the right not to?
BY THE DEFENDANT: Yes.
BY THE COURT: Do you understand that if you decide not to testify, I will tell the jury they can’t hold that fact against you?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: Do you understand you waive all those rights by entering pleas of guilty to these charges?
BY THE DEFENDANT: Yes, sir.
¶ 6. The standard of review for a denial of a post-conviction motion is as follows: “this Court reviews a denial of post-conviction relief under an abuse of discretion standard.” Mitchell v. State, 754 So.2d 519, 521(¶ 7) (Miss.Ct.App.1999). The findings of the trial court must be clearly erroneous in order to overturn a lower court’s denial of a post-conviction relief motion. McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss.Ct.App.2001).
¶ 7. The record is clear that Miller was explicitly informed by the trial judge of his right against self-incrimination. It is also clear from the record that Miller was informed by the trial judge that a guilty plea would constitute a waiver of those rights. An evidentiary hearing is only imperative where the transcript of the plea hearing “does not reflect that [the petitioner] was advised concerning the rights of which he allegedly claims ignorance.” Myers v. State, 767 So.2d 1058,-1061 (¶ 7) (Miss.Ct.App.2000), citing Roland v. State, 666 So.2d 747, 751 (Miss.1995); Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). Miller was not entitled to an evidentiary hearing on this matter and the trial judge properly denied the same.
*669 ¶ 8. Accordingly, we find that the trial judge did not abuse his discretion in denying Miller’s motion for post-conviction relief.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO WINSTON COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.