LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On August 20, 1997, in the Jones County Circuit Court, Moses McDonald pled guilty to the charges of armed robbery and robbery. McDonald was sentenced to seven years on the armed robbery charge with four suspended and three to serve in the custody of the Mississippi Department of Corrections. On the robbery charge, McDonald was also sentenced to seven years with four suspended and three to serve in the custody of the MDOC. Both sentences were to run concurrently and, after release, McDonald was placed on one year of supervised probation. While on probation McDonald was ordered to pay restitution and court costs.
¶ 2. Although the exact date of release is not contained within the record, McDonald served his three years and began his one year of supervised probation. On October 25, 2000, McDonald’s probation was extended one more year. According to the MDOC Violation Report Form, McDonald’s probation had been extended because he failed to follow the conditions of his probation, namely the payment of fines and court costs. This report, along with a petition to revoke McDonald’s probation, was filed on September 20, 2001, and stated numerous probation violations committed by McDonald, including testing positive for marijuana, failure to report to the MDOC, failure to pay various fees, and refusal to perform community service.
¶ 3. McDonald was noticed that the probation revocation hearing was set to occur in late February 2003. Although there is no transcript or record of the revocation hearing in the record, the trial judge, in his order of March 6, 2003, stated the following: “Having heard testimony on the probation revocation, and this day the defendant having appeared in open court admitting to said violations, the Court finds that the defendant is guilty of the alleged violations as charged in the petition.” McDonald was then ordered to served the suspended portion of his sentence.
¶ 4. On July 18, 2003, McDonald filed a motion for post-conviction collateral relief in the Jones County Circuit Court claiming that the order of revocation was statutorily and constitutionally invalid. The trial judge denied McDonald’s motion on September 25, 2003. McDonald now appeals to this Court asserting that the trial judge erred in denying his motion for post-conviction relief in that the period of probation was unlawfully extended.
DISCUSSION
I. DID THE TRIAL JUDGE ERR IN DENYING MCDONALD’S MOTION FOR POST-CONVICTION RELIEF?
¶ 5. In his only issue, McDonald argues that the trial judge erred in denying his motion for post-conviction relief. Specifically, McDonald contends that his probation was unlawfully extended. The standard of review for a denial of a post-conviction motion is as follows: the findings of the trial court must be clearly erroneous in order to overturn a lower *1169 court’s denial of a post-conviction relief motion. McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss.Ct.App.2001).
¶ 6. McDonald claims that he found out about the probation extension from his probation officer right before his one year probation was to end. McDonald further argues that it is illegal for a probation officer to extend probation. Mississippi Code Annotated Section 47-7-37 (Rev. 2000), states that the probation period “shall be fixed by the court, and may at any time be extended or terminated by the court....” The record in this case includes an order extending McDonald’s probation for one year. The order was signed by the trial judge on October 12, 2000, and extended McDonald’s probation beginning October 25, 2000. After the hearing on McDonald’s motion for post-conviction relief, the trial judge stated the following:
Petitioner has admitted that he was still on probation at the time the Court extended the same. Second, the extension was granted by Court Order, not by an action of the probation officer alone.... There were other violations which occurred prior to the extension of the probation period, however, in its Order the Court relied on the nonpayment of fines and court costs as the primary reason for the extension.... The petitioner’s probation was revoked during this extended period of probation in spite of having been given a second chance to abide by the Orders of the Court.
¶ 7. As there was a record of an order extending probation for the trial judge to consider in reviewing McDonald’s motion for post-conviction relief, we cannot find that there was any abuse of discretion by the trial judge in denying McDonald’s requested relief.
¶ 8. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.