944 So.2d 896 (2005)
Brian Wesley CREEL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CA-01723-COA.
Court of Appeals of Mississippi.
November 1, 2005.
Rehearing Denied May 9, 2005.
Samuel L. Tucker, attorney for appellant.
Office of the Attorney General by Billy Gore, attorney for appellee.
*897 EN BANC.
ISHEE, J., for the Court.
¶ 1. Brian Wesley Creel ("Creel") filed a motion for post-conviction relief on June 11, 2004, which Circuit Judge Robert P. Krebs denied. Aggrieved, Creel appeals. Finding error, we reverse and remand.

FACTS
¶ 2. On September 2, 1999, Creel entered pleas of guilty to multiple counts of burglary of a dwelling and grand larceny. On September 7, 1999, Jackson County Circuit Judge Kathy King Jackson sentenced Creel to ten years for each count, with all sentences to run concurrently. In addition, Judge Jackson recommended that Creel participate in the Regimented Inmate Discipline ("RID") program, and retained jurisdiction of the case pending Creel's completion of the program. Creel completed the RID program, and on March 23, 2000, Circuit Judge James Backstrom released Creel from MDOC custody on his own recognizance pending a re-sentencing hearing. Creel's re-sentencing hearing was originally scheduled for April 6, 2000. However, because Creel suffered recurring medical problems and hospitalization, the hearing was continued several times, and ultimately never occurred.
¶ 3. In April 2004, Creel, still acting on his own recognizance, was detained pursuant to a traffic stop and again placed in the custody of the MDOC to serve the remainder of his original ten year sentence. Creel stated that this instance was the first notice he had that the MDOC still considered him to be subject to its custody.
¶ 4. On June 11, 2004, Creel filed a motion requesting post-conviction relief in the Circuit Court of Jackson County. Judge Robert Krebs denied Creel's motion, stating that he did not have jurisdiction to re-sentence Creel due to the passage of more than one year following Creel's placement into custody of the MDOC. Aggrieved by this decision, Creel appeals, asserting that the trial court was in error in holding that it did not have jurisdiction to re-sentence him.

STANDARD OF REVIEW
¶ 5. In order for this Court to overturn a lower court's denial of post-conviction relief, we must find that the findings of the lower court were clearly erroneous. McClinton v. State, 799 So.2d 123, 126 (¶ 4) (Miss.Ct.App.2001).

ISSUES AND ANALYSIS
¶ 6. Mississippi Code Annotated § 47-7-47 (Rev.2004) states, in pertinent part:
(2)(a) Any circuit court or county court may, upon its own motion, acting upon the advice and consent of the commissioner not earlier than thirty (30) days nor later than one (1) year after the defendant has been delivered to the custody of the department to which he has been sentenced, suspend the further execution of the sentence and place the defendant on earned probation. . . .
In denying Creel's motion for post-conviction relief, the circuit court judge sub judice reasoned that this portion of § 47-7-47 prevented him from exercising jurisdiction to re-sentence Creel. We disagree.
¶ 7. While there is scant law on the matter, the reasoning applied by the Mississippi Supreme Court in Jenkins v. State, 733 So.2d 833 (Miss.1999) seems fully applicable to Creel's situation. The appellants in Jenkins had been released on appeal bond and did not serve more than one year in the MDOC's custody, even though more than one year passed before the lower court finally sentenced the appellants. *898 Id. at 835 (¶ 6). Creel was sentenced on September 7, 1999, and released by Judge Backstrom on March 23, 2000, pending re-sentencing. We find no significant difference in being released on appeal bond after being in the custody of the MDOC for less than one year and being released pending re-sentencing after completion of the RID program after approximately seven months.
¶ 8. The Jenkins court clearly held "that the appellants were released on appeal bond shortly after sentencing and have not served more than one year in the custody of the [MDOC]," thus holding that continuous, actual physical custody of the defendant is required. Id. Therefore, where the defendant is at liberty under bail, the time period is suspended for the purposes of this statute. It would then be counter intuitive to label Creel as being "in custody" when he was released upon his own recognizance and acting as an unincarcerated member of society. Persons "in custody" of the MDOC generally would not even have the opportunity to be detained subsequent to a traffic stop, as Creel obviously did.
¶ 9. Furthermore, whatever "custody" the MDOC had over Creel during his participation in the RID program was much more limited than that contemplated by § 47-7-47. Somewhat helpful is a 2004 opinion by the Mississippi Attorney General, which states in part:
It is our opinion that [Mississippi Code Annotated § 47-7-47] necessarily implies that the [MDOC] does have the authority to accept limited custody of persons for the sole purpose of participating in and completing a RID program as a condition of non-adjudication. Such person would not be an "inmate" or "convict."
Regimented Inmate Discipline Program, Op. Att'y Gen.XXXX-XXXX (2004) (emphasis added). While opinions of the Mississippi Attorney General are not binding on this Court, and this opinion specifically deals with participation in the RID program as a condition of non-adjudication, this opinion nevertheless reflects the view that, due to Creel's status of being released on his own recognizance upon completion of the RID program, he was not "in custody" so as to place him within the ambit of § 47-7-47. Creel's time in the RID program constituted only limited "custody" and even that "custody" ended when he was released upon successful completion of the program. Judge Krebs, in asserting that he lacked jurisdiction to re-sentence Creel, opined that Creel became an inmate as of the moment of his sentencing on September 7, 1999, and had not ceased to be classified as such. Creel was neither an "inmate" nor "in custody" of the MDOC after being released pending re-sentencing. It seems illogical that Creel was in only limited custody for little more than seven months, which is well under § 47-7-47's time frame, and yet would be barred from receiving the same relief as the similarly situated appellants in Jenkins. That type of reasoning would prohibit a trial judge from revoking a defendant's probation after one year from the initial sentencing date.
¶ 10. Furthermore, the reason that Creel did not receive his re-sentencing hearing earlier was due to documented serious health problems for which numerous continuances were obtained delaying the date of such hearing. It would create an injustice to allow Creel's health problems to prevent him from receiving the resentencing originally contemplated. For the above reasoning, we find that the trial court was clearly erroneous in finding that it did not have jurisdiction to re-sentence Creel. Accordingly, we reverse and remand *899 for proceedings consistent with this opinion.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DENYING POST-CONVICTION RELIEF IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
KING, C.J., MYERS, P.J., CHANDLER AND BARNES, JJ., CONCUR. LEE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES, IRVING AND GRIFFIS, JJ. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION.
LEE, P.J., Dissenting.
¶ 12. With respect to the majority, I dissent. I cannot find that the trial judge erred in denying Creel's motion for post-conviction relief. In ruling that he had no jurisdiction to reconsider Creel's sentence, the trial judge, relying upon Section 47-7-47, stated:
The plaintiff [Creel] was actually in the custody of the MDOC, and since the Court never had the opportunity to reconsider the original sentence (ten years) within the one (1) year limitation, that sentence remains currently in effect. While there is scant case law giving this Court guidance on this unique situation, there is ample case law regarding the illegality and consequences of a Court's revisiting sentences where they have no jurisdiction to do so.
¶ 13. The majority finds Jenkins v. State, 733 So.2d 833 (Miss.1999), to be persuasive, finding that being released on appeal bond is similar to being released pending re-sentencing. However, I would agree with the trial judge's determination that Jenkins was inapplicable to Creel's situation as the appellants in Jenkins were not in custody of the MDOC and Creel was, in fact, in custody of the MDOC pending re-sentencing.
¶ 14. Furthermore, the majority states that failing to grant Creel relief as the supreme court did for the appellants in Jenkins would amount to prohibiting a trial judge from revoking a defendant's probation after one year from the initial sentencing date. Clearly this is not the case as trial judges have the authority to revoke a defendant's probation if the defendant has been shown to violate the terms of probation, regardless of whether one year has passed from the initial sentencing date.
¶ 15. As I do not find that the trial judge erred in denying Creel's motion for post-conviction relief, I respectfully dissent.
BRIDGES, IRVING AND GRIFFIS, JJ., JOIN THIS SEPARATE WRITTEN OPINION.
IRVING, J., Dissenting.
¶ 16. I agree with the dissent authored by Judge Lee. However, I write briefly to comment upon what appears to me to be a fact assumed by the majority: that Creel had a right to be resentenced following his completion of the RID program. That is not the case. In the initial sentencing order, Creel was sentenced to ten years is the custody of the Mississippi Department of Corrections (MDOC). I quote the relevant portion of that order:
IT IS THEREFORE ORDERED that the defendant is hereby sentenced as follows:
1. To serve a period of 10 years in the custody of the Mississippi Department of Corrections on each count all to run concurrently.

*900 2. The Court recommends placement in the RID Program. This Court directs the Mississippi Department of Corrections to send a letter to this Court upon the defendant's completion of the RID Program.
3. The Court retains jurisdiction for all purposes, including but not limited to: placing the Defendant on probation, consideration of non-adjudication, payment of court costs, fines restitution, Mississippi Crime Lab fees if applicable, and/or district attorney's check unit fees if applicable.
4. Further, the Defendant is remanded to the custody of the sheriff.
ORDERED on September 7, 1999.
¶ 17. Creel's assertion that he did not know that he was still under the jurisdiction of the Mississippi Department of Corrections is untenable. His initial sentencing order was clear. Perhaps some uncertainty or confusion arose when he was erroneously released by the MDOC. However, the sentencing order required that the sentencing judge be notified upon Creel's completion of the RID Program, not that Creel be released from either custody or the MDOC's jurisdiction. That uncertainty or confusion may have been enhanced by Judge Backstrom's action in releasing Creel on Creel's recognizance, but neither of these events obliterates the fact that Creel was given a definite sentence of ten years in the custody of the MDOC.
¶ 18. Even though this situation is unfortunate, I cannot agree that the trial court erred in denying post-conviction relief when Creel never had a right to be resentenced. There was certainly good reason to believe that he would be resentenced, but that does not equate to a right. He had already received a definite sentence.