914 So.2d 767 (2005)
Marco Fashawn BOBO, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00387-COA.
Court of Appeals of Mississippi.
November 1, 2005.
*768 Marco Fashawn Bobo, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
EN BANC.
LEE, P.J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On May 26, 1998, in the Panola County Circuit Court, Marco Bobo pled guilty to the sale of cocaine. Bobo was sentenced to ten years in the Mississippi Department of Corrections (MDOC) pursuant to the Regimented Inmate Discipline (RID) program. Bobo successfully completed the RID program on April 15, 1999, and was placed on probation for the remainder of his sentence. On July 6, 2000, after notice and a hearing, Bobo's probation was revoked for one year. Bobo had tested positive for cocaine and marijuana on more than one occasion, had failed to report to his probation officer, had failed to find suitable employment, and had failed to pay court assessments.
¶ 2. On January 21, 2004, after notice and a hearing, the trial court revoked Bobo's probation again and ordered him to serve the remainder of his suspended sentence. Bobo had again tested positive for marijuana and was also charged with the crime of fleeing the scene of an accident. Subsequently, Bobo filed a motion to clarify his sentence, which the trial court denied, finding that the motion should be addressed as a petition for post-conviction relief. On December 16, 2004, Bobo submitted his motion for post-conviction relief. After reviewing the pleadings and court files, the trial court denied Bobo's motion for post-conviction relief on January 28, 2005. Bobo now appeals to this Court asserting the following: (1) he was entitled to a hearing on his motion; (2) the trial court improperly revoked his probation; and (3) he is not responsible for the lack of communication between the sentencing court and the MDOC. Finding no merit to Bobo's issues, we affirm.

STANDARD OF REVIEW
¶ 3. The standard of review for a denial of a post-conviction motion is well-stated. The findings of the trial court must be clearly erroneous in order to overturn a lower court's denial of a post-conviction relief motion. McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss.Ct.App.2001).

DISCUSSION
¶ 4. Although Bobo lists three issues in his appeal, his brief only discusses the second issue. As such we will address only issue two, whether the trial court improperly revoked Bobo's probation. Bobo argues that he was no longer on probation since his discharge certificate from the RID program did not mention any probation. In the original sentencing order of May 26, 1998, the trial court ordered Bobo to complete the RID program, after which Bobo should "report to the probation officer of said County on the next business day following his release and shall be on supervised probation for the remainder of the original sentence or until the Court shall alter, extend, terminate or direct the execution of the above sentence."
*769 ¶ 5. Furthermore, at Bobo's first revocation hearing on July 6, 2000, he was informed that he would return to probation after his twelve-month revoked sentence. The trial court found "as a matter of law that Bobo was still on probation and the Court could revoke this probation based on the violations presented." We find no error in the trial court's finding; thus, we affirm.
¶ 6. THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
KING, C.J., MYERS, P.J., BRIDGES, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.