LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. F.C. Chatman, Jr., was convicted by a jury in the Lowndes County Circuit Court of armed robbery and aggravated assault. On November 30, 1998, Chatman was sentenced to serve a life sentence for the armed robbery conviction and fifteen years on the aggravated assault conviction. Both sentences were to be served consecutively in the custody of the Mississippi Department of Corrections. Chatman appealed, and the supreme court affirmed his conviction. See Chatman v. State, 761 So.2d 851 (Miss.2000).
¶2. Although not contained within the record on appeal, it appears as if Chat-man filed numerous motions seeking post-conviction relief. In an order dated September 1, 2004, the trial court, after considering Chatman’s post-conviction relief motions, found them to be time-barred. Chatman now appeals to this Court asserting that the lower court failed to comply with his request to review his sentencing hearing.
STANDARD OF REVIEW
¶ 3. The standard of review for a denial of a post-conviction motion is well-stated: The findings of the trial court must be clearly erroneous in order to overturn a lower court’s denial of a post-conviction relief motion. McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss.Ct.App.2001).
DISCUSSION
¶ 4. We find that Chatman’s appeal was properly dismissed for various reasons, namely that Chatman neither filed his motion in a timely manner nor was he ever granted leave to file a motion for post-conviction relief by the supreme court. According to Mississippi Code Annotated Section 99-39-5(2) (Supp.2005), if a direct appeal is taken, a motion for post-conviction relief must be made within three years after the determination of the appeal. Chatman’s original appeal was decided by the supreme court on June 1, 2000, but nowhere in the record is there mention of a motion for post-conviction relief filed within the three years. There is a docket entry on June 10, 2003, wherein the supreme court denied a motion for enlargement of time to file a post-conviction petition.
¶ 5. Furthermore, Chatman was never granted leave by the supreme court to file a motion for relief in the trial court. Miss. Code Ann. § 99-39-7 (Supp.2005). There are two entries in the docket wherein the supreme court denied Chatman’s application for leave to file his motion for relief in the trial court. We can find nothing in the record giving Chatman permission to file his motion.
¶ 6. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.