LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On May 10, 2000, a jury in the Winston County Circuit Court found Christopher Smith guilty of felony DUI and aggravated DUI. Smith was sentenced to serve five years for the felony conviction and twenty-five years for the aggravated DUI conviction, both to be served in the custody of the Mississippi Department of Corrections with the twenty-five year sentence to run consecutively to the five year sentence. On May 15, 2000, Smith appeared before the trial court and advised the court that he desired to waive the right to appeal his convictions. In exchange, the State agreed to dismiss a manslaughter charge and another felony DUI charge.
¶ 2. Smith filed a motion for post-conviction relief on June 27, 2001; however, Smith later filed a motion to dismiss the motion for post-conviction relief. The trial court dismissed Smith’s motion for post-conviction relief without prejudice shortly thereafter.
¶ 3. On June 6, 2002, Smith filed a motion for post-conviction relief citing- as error a defective indictment, double jeopardy, ineffective assistance of counsel and his plea was involuntary. The trial court denied Smith’s motion for relief on Novem *242 ber 4, 2002. After the time for appeal had expired, Smith filed a motion for an out-of-time appeal with the supreme court. On August 19, 2004, the supreme court dismissed Smith’s petition seeking post-conviction relief and denied his motion seeking an out-of-time appeal.
¶ 4. Smith then filed a motion on January 10, 2005, asking the trial court to correct an illegal sentence and arguing that; the indictment was defective. On May 17, 2005, the trial court denied Smith’s motion. Smith now appeals to this Court, asserting the following: (1) the indictment was defective; (2) he was subjected to a double jeopardy violation; (3) his trial counsel was ineffective; and (4) the Trial court abused its discretion in denying his motion to correct an illegal sentence. Finding that Smith’s motion for relief is barred as a successive writ, we affirm.
STANDARD OF REVIEW
¶ 5. The standard of review for a denial of a post-conviction motion is well-stated: The findings of the trial court must be clearly erroneous in order to overturn a lower court’s denial of a post-conviction relief motion. McClinton v. State, 799 So.2d 123, 126 (¶4) (Miss.Ct.App.2001).
DISCUSSION
¶ 6. Under Mississippi Code Annotated Section 99-39-23(6) (Supp.2005), all successive petitions are barred if the prisoner has filed a previous post-conviction relief motion. Smith filed his first motion on June 6, 2002, and his second on January 10, -2005. Although Smith styled his second motion as a motion to correct an illegal . sentence, it was still, nonetheless, a motion for post-conviction relief. Therefore, Smith’s motion for relief is procedurally barred as a successive writ.
¶ 7. THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ„ CONCUR.