LEE, P. J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On July 15, 2004, in the Clay County Circuit' Court, Charles Bean pled guilty to grand larceny and sale of cocaine. Bean was sentenced to serve five years on the grand larceny charge and ordered to pay $750 in restitution. Bean was also sentenced to serve seventeen years on the sale of cocaine charge with five years’ post-release supervision and a fine of $5,000. Both the five year sentence and the seventeen year sentence are to be served concurrently in the custody of the Mississippi Department of Corrections. We note that a number of other charges were retired to Bean’s file in return for his guilty plea on the grand larceny and sale of cocaine charges.
¶ 2. Subsequently, Bean filed a motion to withdraw his guilty plea, alleging that it was not entered voluntarily and intelligently. After reviewing the file and pleadings, the trial court found Bean’s argument to be without merit and denied his motion. During this time, Bean also filed a petition for a sentence reduction. Just two days after ruling on Bean’s motion to withdraw his guilty plea, the trial court reviewed the petition, finding that the “motion is a subsequent filing which the previous filing was ruled upon by this Court.” The trial court dismissed the sentence reduction petition as a frivolous filing.
¶ 3. Bean now appeals to this Court stating that his plea was not voluntarily and intelligently entered because he was in jail when the crimes allegedly occurred. Finding no merit, we affirm.
STANDARD OF REVIEW
¶ 4. The standard of review for a denial of a post-conviction motion is well-stated. The findings of the trial court must be clearly erroneous in order to overturn a lower court’s denial of a post-conviction relief motion. McClinton v. State, 799 So.2d 123, 126 (¶4) (Miss.Ct.App.2001).
*981 DISCUSSION
¶ 5. In his only issue on appeal, Bean asserts that his guilty plea was not entered into voluntarily or intelligently because he was in jail when the crimes charged were committed. We first note that it is Bean’s duty to justify his arguments of error with a proper record, which does not include mere assertions in his brief. Am. Fire Prot., Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995). Facts alleged to exist by Bean must be proved and placed before this Court by a certified record as required by law; otherwise, we cannot know of their existence. Phillips v. State, 421 So.2d 476, 478 (Miss.1982). Bean alleges that he was in jail when the crimes were committed; however, there is nothing in the record to support this allegation nor is there a copy of the indictment contained in the record.
¶ 6. The only helpful document in the record is a transcript of the plea colloquy wherein Bean admits that he committed the crimes to which he pled guilty. “Great weight is given to statements made under oath and in open court during sentencing.” Young v. State, 731 So.2d 1120, 1123(¶ 12) (Miss.1999). We find no merit in this issue; thus, we affirm.
¶ 7. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.