943 So.2d 113 (2006)
Ray Charles LENOIR, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00171-COA.
Court of Appeals of Mississippi.
November 21, 2006.
Ray Charles Lenoir (pro se), attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On June 25, 1999, Lenoir pled guilty in the Monroe County Circuit Court to uttering a forgery and possession of cocaine. On the forgery charge, Lenoir was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections with credit for time already served. The balance of this sentence was *114 suspended and followed by five years of post-release supervision. On the possession charge, Lenoir was sentenced to fifteen years with credit for time served. The balance of this sentence was also suspended upon successful completion of the post-release supervision imposed in the forgery charge. The sentence imposed in the forgery charge was to run consecutively to the sentence imposed in the possession charge and also consecutively to two federal sentences previously imposed.
¶ 2. While on federal post-release supervision, Lenoir violated the terms of his suspended state sentences. On September 26, 2003, the trial court revoked Lenoir's suspended sentences and post-release supervision on both charges. On November 4, 2004, Lenoir filed a motion to vacate and set aside his sentence. Shortly thereafter Lenoir filed motions for an evidentiary hearing and for records and transcripts. On December 10, 2004, Lenoir filed a motion for summary judgment. On December 17, 2004, the trial court denied all of Lenoir's previous motions.
¶ 3. Lenoir then filed a motion requesting the trial court to amend its order and make additional findings. On August 22, 2005, the trial court dismissed this motion, treating Lenoir's motion to amend as a successive post-conviction petition. Lenoir now appeals to this Court asserting that the trial court erred in denying all of his prior motions for relief.

STANDARD OF REVIEW
¶ 4. When reviewing a trial court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss.Ct.App.2001). However, where questions of law are raised the applicable standard is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

DISCUSSION
¶ 5. Lenoir asserts that the trial court erred in denying all of his prior motions for relief. However, Lenoir's main argument is that his suspended sentences, including the terms and conditions, could not begin until after he had completed his federal sentence, including post-release supervision. Lenoir also states that, if an evidentiary hearing had been granted, he would have proffered his federal court sentencing order as well as testimony from his federal probation officers who had already been subpoenaed.
¶ 6. We note that the State concedes that remanding Lenoir's cause for an evidentiary hearing to determine the status of his federal sentences would be beneficial. The State further concedes that transcripts of the revocation hearing would also be beneficial. According to the record before this Court, a supplemental transcript containing the revocation hearing was filed on July 14, 2006. However, this particular transcript gives no insight as to the status of Lenoir's federal sentence.
¶ 7. We find that an evidentiary hearing should be granted in order to determine the status of Lenoir's federal sentences and a ruling made on his post-conviction relief motion.
¶ 8. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.